106 S.W.3d 156 (2003)
BAYWAY SERVICES, INC., Appellant,
v.
AMERI-BUILD CONSTRUCTION, L.C., Appellee.
No. 01-02-00067-CV.
Court of Appeals of Texas, Houston (1st Dist.).
March 6, 2003.
*158 Donna Roth and Sharon A. Farmer, Houston, for Appellant.
Charles Thomas Schmidt and Jenifer C. Melby, Schmidt & Hoffer, L.L.P., Houston, for Appellee.
Panel consists of Justices HEDGES, JENNINGS, and ALCALA.

OPINION
ADELE HEDGES, Justice.
Ameri-Build Construction, L.C., appellee, and Bayway Services, Inc., appellant, executed a settlement agreement resolving an existing dispute. Bayway withdrew its consent to the agreement, and Ameri-Build filed a motion to sign judgment with the trial court. This is an appeal from a final judgment awarding Ameri-Build $50,000. In three points of error, Bayway contends that the trial court erred in entering final judgment because (1) Bayway had previously withdrawn consent to the settlement agreement, (2) the settlement agreement is not a Rule 11 agreement, and therefore, could not form the basis of the judgment, and (3) it had no notice or insufficient notice of the submission of Ameri-Build's motion to sign judgment. We reverse and remand.

Background
Ameri-Build filed a petition against Bayway seeking compensatory and punitive damages for DTPA[1] violations, breach of warranty, breach of contract, fraud, and civil conspiracy. Bayway filed a general denial and asserted affirmative defenses. Thereafter, the parties agreed to mediate the dispute. During mediation, the parties signed a settlement agreement. On July 30, 2001, the case was called to trial. Ameri-Build announced that the case had been settled, but it requested that the case be retained on the court's docket. Accordingly, no judgment was entered at this time.
On October 3, 2001, Bayway filed a statement with the trial court stating that it did not consent to the settlement agreement and that "any consent that may be implied is hereby withdrawn." This statement was sent to Ameri-Build certified mail return receipt requested and received on October 4, 2001. Also on October 3, 2001, Ameri-Build filed a motion to sign judgment. Bayway did not respond to this motion. On October 15, 2001, the trial court rendered judgment in favor of Ameri-Build in the amount of $50,000.

Rule 11 Agreement
In its second point of error, Bayway contends that the settlement agreement is not a Rule 11 Agreement because the agreement was not filed with the trial court and was not announced in open court before the judgment was rendered. Therefore, the agreement could not be the basis of a final judgment. Rule 11 states *159 that "No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." Tex.R. Civ. P. 11. The supreme court has held that, to be enforceable, settlement agreements must satisfy the requirements of Rule 11. Kennedy v. Hyde, 682 S.W.2d 525, 528 (Tex.1984).
On October 3, 2001, Ameri-Build filed the settlement agreement with its motion to sign judgment. The motion stated that the agreement was attached and incorporated by reference. Final judgment was rendered on October 15, 2001.
Rule 11 does not say when the agreement must be filed. Padilla v. LaFrance, 907 S.W.2d 454, 461 (Tex.1995). The purpose of the filing requirement is to put the agreement before the court so that "the court can judge of [its] import, and proceed to act upon [it] with safety." Id. (citing Birdwell v. Cox, 18 Tex. 535, 537, 1857 WL 5000 (1857)). This purpose is satisfied so long as the agreement is filed before it is sought to be enforced. Padilla, 907 S.W.2d at 461. Ameri-Build met this filing requirement by filing the settlement agreement with the motion to sign judgment.
Therefore, Bayway's second point of error is overruled.

Final Judgment
In its first point of error, Bayway contends that (1) the trial court erred if the final judgment was an agreed judgment or a consent judgment because it withdrew consent before it was rendered, and (2) the trial court erred if the final judgment is a judgment enforcing a binding contract because the pleadings and proof do not support the judgment. We consider each of these arguments in turn.
First, Bayway contends that the final judgment should be construed as an agreed judgment or a consent judgment for several reasons. The judgment states, in relevant part, as follows:
The parties waived a trial on the merits, waived a jury, and announced the case had settled. The Court, therefore, renders judgment for Plaintiff in accordance with the terms of the parties settlement agreement. The Court further finds that Defendant Bayway Services, Inc. consented and agreed to the entry of a fraud judgment in favor of Plaintiff, which would be non-dischargeable in the event Defendant Bayway Services, Inc. sought relief afforded by the United States Bankruptcy Code.
(emphasis added). The judgment does not state that Bayway breached the settlement agreement or that it is enforcing the settlement agreement as a contract.
In response, Ameri-Build argues that the final judgment was a judgment enforcing a binding settlement agreement because the settlement agreement stated that Bayway agreed to confess judgment in favor of Ameri-Build in the amount of $50,000.00 if it failed to make periodic payments to Ameri-Build totaling $29,375. In its motion to sign judgment, Ameri-Build alleged that Bayway failed to perform its contractual obligations because it had not made the payments required by the settlement agreement. The final judgment awarded Ameri-Build $50,000., interest on that sum, and court costs. Because the trial court awarded Ameri-Build the amount agreed upon in the event of breach, it can be inferred that the trial court found that Bayway breached the settlement agreement.
Second, Bayway contends that, even if the final judgment is construed as a judgment enforcing a binding contract and *160 not an agreed judgment or consent judgment, the trial court erred in entering the judgment because the judgment was not based on proper pleadings and proof. If the parties reach a settlement through alternative dispute resolution procedures and execute a written agreement disposing of the dispute, the agreement is enforceable in the same manner as any other written contract. Tex. Civ. Prac. & Rem.Code Ann. § 154.071(a) (Vernon Supp.2003); Cary v. Cary, 894 S.W.2d 111, 112 (Tex.App.-Houston [1st Dist.] 1995, no writ). The party seeking enforcement of the settlement agreement must pursue a separate breach-of-contract claim, which is subject to normal rules of pleading and proof. Mantas v. Fifth Court of Appeals, 925 S.W.2d 656, 658 (Tex.1996). A petition in an action based on a contract must contain a short statement of the cause of action sufficient to give fair notice of the claim involved, including an allegation of a contractual relationship between the parties, and the substance of the contract which supports the pleader's right to recover. Cadle Co. v. Castle, 913 S.W.2d 627, 630-31 (Tex.App.-Dallas 1995, writ denied).
In this case, Ameri-Build filed a motion to sign judgment. In the motion, Ameri-Build alleged that a contractual relationship between itself and Bayway was formed when the parties executed a settlement agreement resolving an existing dispute. See id. A copy of the settlement agreement was attached to the motion that was filed with the court, and was expressly incorporated by reference in the motion. See id. Therefore, the motion was sufficient to give Bayway fair notice of the contract claim, and as such, satisfied pleading requirements. See id.
A party seeking enforcement of a written settlement agreement as a contract must also support it by proof. Bayway contends that Ameri-Build did not support its action to enforce the agreement with proper proof. We treat this argument as a challenge to the sufficiency of the evidence. When, as here, the party without the burden of proof challenges the legal sufficiency of the evidence, we will sustain the challenge only if, considering the evidence and inferences in the light most favorable to the finding, there is not more than a scintilla of evidence supporting it. Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex.1995). "More than a scintilla of evidence exists where the evidence supporting the finding, as a whole, `rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" Id. (quoting Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex.1994)). However, when there is no indication that evidence was admitted or considered by the trial court prior to rendering judgment and the record on appeal contains no statement of facts, we indulge no presumptions in favor of the judgment. Otis Elevator Co. v. Parmelee, 850 S.W.2d 179, 181 (Tex.1993); Cadle, 913 S.W.2d at 633.
In this case, there is no indication in the record that the trial court heard any evidence. The record on appeal does not contain a statement of facts. Consequently, we indulge no presumptions in favor of the judgment.
To prevail on a contract claim the plaintiff must prove: (1) a contract existed between the parties; (2) the contract created duties; (3) the defendant breached a material duty under the contract; and (4) the plaintiff sustained damages. Cadle, 913 S.W.2d at 631; Snyder v. Eanes Indep. Sch. Dist., 860 S.W.2d 692, 695 (Tex.App.-Austin 1993, writ denied).
Ameri-Build presented no evidence that Bayway breached a material duty under *161 the contract. Accordingly, we conclude that the evidence is legally insufficient to support the trial court's judgment.
Having prevailed on a no-evidence point, Bayway would ordinarily be entitled to the rendition of judgment in its favor. National Life & Accident Ins. Co. v. Blagg, 438 S.W.2d 905, 909 (Tex.1969); Cadle, 913 S.W.2d at 634. However, the supreme court has held that appellate courts have broad discretion to remand in the interest of justice. Scott v. Liebman, 404 S.W.2d 288, 294 (Tex.1966). As long as there is a probability that a case has for any reason not been fully developed, an appellate court has the discretion to remand rather than render a decision. Zion Missionary Baptist Church v. Pearson, 695 S.W.2d 609, 613 (Tex.App.-Dallas 1985, writ ref'd n.r.e.). Because of our conclusion on Bayway's first point of error, and in the interest of justice, we will remand this case for further proceedings rather than render a decision on this no evidence point.
Because of our holding on Bayway's first point of error is dispositive, we decline to address its other points.

Conclusion
We reverse the trial court's judgment and remand the cause to the trial court for further proceedings consistent with this opinion.
NOTES
[1] Deceptive Trade Practices Act.