NO. 07-03-0357-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 2, 2004

_____

NAVIN PATEL AND SEJAL PATEL, APPELLANTS

V.

BIPIN PATEL AND MINAXI PATEL, APPELLEES

_____

FROM THE 159TH DISTRICT COURT OF ANGELINA COUNTY;

NO. 33,177-00-5; HONORABLE PAUL E. WHITE, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a non-jury trial, Navin Patel and Sejal Patel, appellants, seek a reversal of the judgment that Bipin Patel and Minaxi Patel, appellees, recover $53,493.98 as

damages and attorney's fees in the amount of $17,613.00.[1]  Presenting five issues, appellants contend (1) the trial court erred in failing to make findings of fact and conclusions of law; (2) there is no evidence that appellants breached the contract; (3) there is no evidence of a fiduciary relationship; (4) there is no evidence of fraud; and (5) there is insufficient evidence of loss of business damages.  We reverse and remand.

By their pleadings, appellees alleged four causes of action, to-wit:  (1) breach of contract, (2) breach of fiduciary duty, (3) fraud, and (4) sought declaratory relief and requested that the court declare the written contract void.  Their request that the contract be declared void is consistent with their answer to appellants' counterclaim seeking damages for breach of contract.  Because appellees expressly announce that the issues of breach of fiduciary duty and fraud are moot for purposes of our review, and on appeal contend that there was sufficient evidence to support the trial court's finding that appellants breached the agreement, we will limit our analysis to issues one, two, and five.

Appellees owned and operated the MB Food Store in Lufkin, including the real estate where the business was located.  On November 22, 1999, appellees, as sellers, signed a nine-page writing, prepared by a non-lawyer financial firm entitled Contract of Sale of the store and property to appellants as buyers.[2]  According to the writing, the sale

---

[1]Because of the similarity of the parties' names, we will refer to Navin Patel and Sejal Patel as appellants and Bipin Patel and Minaxi Patel as appellees.

[2] The 38-paragraph writing contained provisions which, among other things, required appellees to provide a title insurance policy, contained a provision prorating various closing

price was $892,000, which included the buyers' down payment of $150,000, buyers' assumption for payment of balance of a promissory note in the original principal sum of $600,000, and sellers' financing of $160,000 payable in monthly installments over five years. Among other things, we note that paragraph 9 of the contract entitled closing date is ambiguous and uncertain, the contract does not contain a provision for possession before closing, does not describe the real estate, and because the closing date of the contract and date the contract was signed, November 22, 1999, are the same, the contract did not afford sufficient time after execution for completion of the terms incident to the sale and transfer of the property and business. When appellants paid the $150,000 they immediately took possession of the store and commenced operations. In April 2000, after appellees learned that the loan company would not allow appellants to assume the $600,000 loan, instead of concluding the sale, appellees proposed that appellants lease the property for 20 years with an option to purchase the property upon expiration of the lease; however, appellants declined to proceed on a lease/option basis. Appellees filed the underlying suit in May 2000.

## Standard of Review

Because the trial court did not make any findings of fact, the judgment of the trial court implies all necessary findings to support it. IKB Industries v. Pro-Line Corp., 938

---

costs, required sellers to provide an itemized inventory, and a conveyance by general warranty deed.

3

S.W.2d 440, 445 (Tex. 1997). However, where, as here, a reporter's record is a part of the record, the legal and factual sufficiency of the implied findings may be challenged on appeal the same as jury findings or a trial court's findings of fact. Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989). The applicable standard of review is the same as that applied in the review of jury findings or a trial court's findings of fact. *Id.* When implied findings by the trial court are supported by the evidence, the appellate court must uphold the judgment on any theory of law applicable to the case. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990).

By their second issue, appellants contend there is no evidence they breached the contract of sale. We agree. In considering this issue, we must first determine whether the minds of the parties met and the terms of the alleged contract. A contract for sale of real estate must be (1) in writing and (2) signed by the parties. *See* Tex. Bus. & Com. Code Ann. § 26.01(a) & (b)(4). The statute also requires that the memorandum of the agreement be complete within itself in every material detail and contain all essential elements of the agreement so that the contract can be ascertained from the writings without resort to oral testimony. Crowder v. Tri-C Resources, Inc., 821 S.W.2d 393, 396 (Tex.App.--Houston [1st Dist.] 1991, no writ). The legal description must be furnished with the original writing itself or by reference to some other existing writing. Boddy v. Gray, 497 S.W.2d 600, 603 (Tex.Civ.App.--Amarillo 1973, writ ref'd n.r.e.). Moreover, in order to be enforceable, the contract must be sufficiently certain to enable the trial court to determine the legal obligations of the parties. Bendalin v. Delgado, 406 S.W.2d 897, 899 (Tex. 1966). Further,

4

there can be no breach of contract in the absence of an enforceable contract.  Lynx Exploration and Production Co., Inc. v. 4-Sight Operating Co., 891 S.W.2d 785, 788 (Tex.App.--Texarkana 1995, writ denied).

As noted above, the contract does not contain a  legal description of the property. By their second amended petition, appellees alleged that the contract "did not correctly reflect the agreement of the parties," and by their fourth cause of action for declaratory judgment, appellees requested that the court declare the written contract to be void. Finally, by their verified third amended answer to appellants' counterclaim appellees alleged the contract was ambiguous, incorrect, incomplete, and "void for lack of adequate consideration."  Because these assertions of fact in the live pleadings were not presented in the alternative, they are regarded as formal judicial admissions, and as such, are conclusively established without the necessity of other evidence.  *See* Kent v. Citizens State Bank, 99 S.W.3d 870, 872 (Tex.App.--Beaumont 2003, pet. denied).

To support the award of damages for breach of contract, appellees had the burden to prove:  (1) a contract existed between the parties; (2) the contract created duties; (3) appellants breached the contract; and (4) appellees sustained damages.  Bayway Services, Inc. v. Ameri-Build Const., L.C., 106 S.W.3d 156, 160 (Tex.App.--Houston [1st Dist.] 2003, no pet.).  Considering the legal inadequacies of the written instrument prepared without the assistance of counsel and appellees' judicial admissions, appellees presented no evidence that the minds of the parties did effectively meet and that appellants breached

5

a material duty under the contract. Appellants' second issue is sustained. Our disposition of appellants' second issue pretermits consideration of issues one and five.

Because appellees announce on appeal that the claims of fraud and breach of fiduciary duty are moot and appellants having prevailed on their no evidence of contract issue, appellants would ordinarily be entitled to the rendition of judgment in their favor. However, following *Bayway*, *id.* at 161, it appearing that there is a probability that the case was not fully developed, exercising our discretion, rather than render judgment, we remand the case for further proceedings.

Don H. Reavis
Justice