NO. 07-03-0357-CV


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 2, 2004



______________________________




NAVIN PATEL AND SEJAL PATEL, APPELLANTS



V.



BIPIN PATEL AND MINAXI PATEL, APPELLEES




_________________________________



FROM THE 159TH DISTRICT COURT OF ANGELINA COUNTY;



NO. 33,177-00-5; HONORABLE PAUL E. WHITE, JUDGE



_______________________________




Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.



MEMORANDUM OPINION


 Following a non-jury trial, Navin Patel and Sejal Patel, appellants, seek a reversal
of the judgment that Bipin Patel and Minaxi Patel, appellees, recover $53,493.98 as
damages and attorney's fees in the amount of $17,613.00. (1) Presenting five issues,
appellants contend (1) the trial court erred in failing to make findings of fact and
conclusions of law; (2) there is no evidence that appellants breached the contract; (3) there
is no evidence of a fiduciary relationship; (4) there is no evidence of fraud; and (5) there
is insufficient evidence of loss of business damages. We reverse and remand.

 By their pleadings, appellees alleged four causes of action, to-wit: (1) breach of
contract, (2) breach of fiduciary duty, (3) fraud, and (4) sought declaratory relief and 
requested that the court declare the written contract void. Their request that the contract
be declared void is consistent with their answer to appellants' counterclaim seeking
damages for breach of contract. Because appellees expressly announce that the issues
of breach of fiduciary duty and fraud are moot for purposes of our review, and on appeal
contend that there was sufficient evidence to support the trial court's finding that appellants
breached the agreement, we will limit our analysis to issues one, two, and five. 

 Appellees owned and operated the MB Food Store in Lufkin, including the real
estate where the business was located. On November 22, 1999, appellees, as sellers,
signed a nine-page writing, prepared by a non-lawyer financial firm entitled Contract of
Sale of the store and property to appellants as buyers. (2) According to the writing, the sale
price was $892,000, which included the buyers' down payment of $150,000, buyers'
assumption for payment of balance of a promissory note in the original principal sum of
$600,000, and sellers' financing of $160,000 payable in monthly installments over five
years. Among other things, we note that paragraph 9 of the contract entitled closing date
is ambiguous and uncertain, the contract does not contain a provision for possession
before closing, does not describe the real estate, and because the closing date of the
contract and date the contract was signed, November 22, 1999, are the same, the contract
did not afford sufficient time after execution for completion of the terms incident to the sale
and transfer of the property and business. When appellants paid the $150,000 they
immediately took possession of the store and commenced operations. In April 2000, after
appellees learned that the loan company would not allow appellants to assume the
$600,000 loan, instead of concluding the sale, appellees proposed that appellants lease
the property for 20 years with an option to purchase the property upon expiration of the
lease; however, appellants declined to proceed on a lease/option basis. Appellees filed
the underlying suit in May 2000. 

Standard of Review


 Because the trial court did not make any findings of fact, the judgment of the trial
court implies all necessary findings to support it. IKB Industries v. Pro-Line Corp., 938
S.W.2d 440, 445 (Tex. 1997). However, where, as here, a reporter's record is a part of the
record, the legal and factual sufficiency of the implied findings may be challenged on
appeal the same as jury findings or a trial court's findings of fact. Roberson v. Robinson,
768 S.W.2d 280, 281 (Tex. 1989). The applicable standard of review is the same as that
applied in the review of jury findings or a trial court's findings of fact. Id. When implied
findings by the trial court are supported by the evidence, the appellate court must uphold
the judgment on any theory of law applicable to the case. Worford v. Stamper, 801 S.W.2d
108, 109 (Tex. 1990). 

 By their second issue, appellants contend there is no evidence they breached the
contract of sale. We agree. In considering this issue, we must first determine whether the
minds of the parties met and the terms of the alleged contract. A contract for sale of real
estate must be (1) in writing and (2) signed by the parties. See Tex. Bus. & Com. Code
Ann. § 26.01(a) & (b)(4). The statute also requires that the memorandum of the agreement
be complete within itself in every material detail and contain all essential elements of the
agreement so that the contract can be ascertained from the writings without resort to oral
testimony. Crowder v. Tri-C Resources, Inc., 821 S.W.2d 393, 396 (Tex.App.--Houston
[1st Dist.] 1991, no writ). The legal description must be furnished with the original writing
itself or by reference to some other existing writing. Boddy v. Gray, 497 S.W.2d 600, 603
(Tex.Civ.App.--Amarillo 1973, writ ref'd n.r.e.). Moreover, in order to be enforceable, the
contract must be sufficiently certain to enable the trial court to determine the legal
obligations of the parties. Bendalin v. Delgado, 406 S.W.2d 897, 899 (Tex. 1966). Further,
there can be no breach of contract in the absence of an enforceable contract. Lynx
Exploration and Production Co., Inc. v. 4-Sight Operating Co., 891 S.W.2d 785, 788
(Tex.App.--Texarkana 1995, writ denied). 

 As noted above, the contract does not contain a legal description of the property. 
By their second amended petition, appellees alleged that the contract "did not correctly
reflect the agreement of the parties," and by their fourth cause of action for declaratory
judgment, appellees requested that the court declare the written contract to be void. 
Finally, by their verified third amended answer to appellants' counterclaim appellees
alleged the contract was ambiguous, incorrect, incomplete, and "void for lack of adequate
consideration." Because these assertions of fact in the live pleadings were not presented
in the alternative, they are regarded as formal judicial admissions, and as such, are
conclusively established without the necessity of other evidence. See Kent v. Citizens
State Bank, 99 S.W.3d 870, 872 (Tex.App.--Beaumont 2003, pet. denied).

 To support the award of damages for breach of contract, appellees had the burden
to prove: (1) a contract existed between the parties; (2) the contract created duties; (3)
appellants breached the contract; and (4) appellees sustained damages. Bayway
Services, Inc. v. Ameri-Build Const., L.C., 106 S.W.3d 156, 160 (Tex.App.--Houston [1st
Dist.] 2003, no pet.). Considering the legal inadequacies of the written instrument prepared
without the assistance of counsel and appellees' judicial admissions, appellees presented
no evidence that the minds of the parties did effectively meet and that appellants breached
a material duty under the contract. Appellants' second issue is sustained. Our disposition
of appellants' second issue pretermits consideration of issues one and five.

 Because appellees announce on appeal that the claims of fraud and breach of
fiduciary duty are moot and appellants having prevailed on their no evidence of contract
issue, appellants would ordinarily be entitled to the rendition of judgment in their favor. 
However, following Bayway, id. at 161, it appearing that there is a probability that the case
was not fully developed, exercising our discretion, rather than render judgment, we remand
the case for further proceedings. 

 Don H. Reavis

 Justice


 

 


1. Because of the similarity of the parties' names, we will refer to Navin Patel and
Sejal Patel as appellants and Bipin Patel and Minaxi Patel as appellees.
2. The 38-paragraph writing contained provisions which, among other things, required
appellees to provide a title insurance policy, contained a provision prorating various closing
costs, required sellers to provide an itemized inventory, and a conveyance by general
warranty deed.