Opinion issued April 14, 2005






















In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01156-CV




HENRY QUANAIM, Appellant

V.

FRASCO RESTAURANT AND CATERING and FRASCO, INC., Appellees




On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 1997-36097




MEMORANDUM OPINION
          Counsel for Frasco, Inc. D/B/A Frasco Restaurant & Catering (“Frasco”),
appellee, and counsel for Henry Quanaim, appellant, executed a written Rule 11
settlement agreement (“Agreement”) resolving Quanaim’s suit against Frasco. 
Quanaim then withdrew his consent to the Agreement. Frasco filed a motion to
enforce the Agreement. The court entered a final judgment dismissing Quanaim’s
suit with prejudice. On appeal, the issues are whether the trial court erred (1) in
rendering a final judgment of dismissal after Quanaim informed the trial court that the
Rule 11 Agreement, upon which the judgment was based, lacked his consent; (2) in
dismissing Quanaim’s case without first requiring Frasco to plead and prove that the
Rule 11 Agreement was enforceable; (3) in rendering a final judgment that did not
conform to the Rule 11 Agreement; and (4) in issuing Findings of Fact and
Conclusions of Law after its plenary power had expired. We affirm. 
BACKGROUND
            Quanaim sued Frasco as the premises possessor for injuries he allegedly
sustained. On July 9, 2003, the case was called to trial and the parties announced a
settlement. In open court, Quanaim’s trial counsel, Scot Dollinger, dictated the terms
of the Agreement into the record and questioned Quanaim about the settlement. 
Quanaim testified that he had discussed all his options with his counsel and generally
agreed to the terms of the settlement. Frasco’s counsel, Caldwell Fletcher, also asked
Quanaim whether he would sign a release (“Release”) as part of a settlement, to
which Quanaim responded affirmatively, “Yeah.” Dollinger stated that the preceding
statements were made of record pursuant to Rule 11 of the Texas Rules of Civil
Procedure and it was “the intent of the parties . . . to try to articulate the framework
of the settlement that we’ve worked out.” 
          On the same day, counsel for Quanaim and for Frasco executed and signed the
Agreement. See Tex. R. Civ. P. 11. The Agreement provided, in pertinent part, that
(1) Frasco would pay $5,326.11 to the registry of the trial court; (2) that Dollinger
could petition for dispersal of the funds to him if (a) Quanaim signed a release of
Frasco from liability, and (b) Dollinger filed a nonsuit on behalf of Quanaim; (3) no
person could retrieve the funds without a signed release and a nonsuit; and (4) the
parties would be referred to mediation if disagreement arose over the Agreement. 
          The next day, Quanaim dismissed Dollinger. The trial court permitted
Dollinger to withdraw his representation of Quanaim, and Quanaim proceeded pro
se. After filing numerous documents, Quanaim withdrew his consent to the
settlement and the Agreement. Quanaim refused to either sign the release or non-suit
with prejudice Frasco from the suit. Quanaim later explained that he was very sick
and heavily medicated at the July 9, 2003 hearing. On July 10, 2003, Quanaim filed
a “motion order for reconsideration or for a new trial, due to misunderstood advise
[sic] and misleading information I received.” On August 14, 2003, Quanaim
prematurely filed his notice of appeal. On August 26, 2003, the trial court rendered
a Final Judgment based upon the settlement conference, which incorporated by
reference the Agreement. 
          After Quanaim failed to sign the Release, Dollinger filed an application for
disbursement of the settlement funds. In response, Frasco filed “Objections to Post-Judgment Application and Motion to Enforce Rule 11 Agreement as to Release.” 
Frasco objected to any disbursement because Quanaim failed to sign a release as he
agreed to do at the July 9, 2003 settlement conference, an alleged condition precedent
to performance of the disbursal under the Agreement. 
          On February 16, 2004, the trial court held a show-cause hearing to address
Frasco’s request for Findings of Fact and Conclusions of Law, as well as Frasco’s
objections to Dollinger’s application. After hearing testimony from Quanaim, the
court entered Findings of Fact and Conclusions of Law. Among the court’s
conclusions of law were that the trial court “retained jurisdiction over the funds in the
registry of the Court after Final Judgment on August 16, 2003” and that the “Rule 11
Agreement of July 9, 2003 is fully enforceable as a contract and is hereby enforced
as to the release of the Defendants.” Frasco filed a Motion for Damages under Texas
Rule of Appellate Procedure 45 for filing a frivolous appeal. See Tex. R. App. P. 45.
DISCUSSIONIn his six issues presented, Quanaim contends that the trial court erred by
rendering a final judgment of dismissal. In issue one, Quanaim contends that the trial
court erred in rendering a final judgment because he had withdrawn his consent to the
Agreement. In issue two, Quanaim contends that the trial court erred in rendering a
final judgment because enforcement of the Agreement was not properly pled nor
proved, and the motion to enforce the agreement was not timely filed. We will
address these two issues together. 
            Settlement agreements are governed by contract law. Alcantar v. Okla. Nat’l
Bank, 47 S.W.3d 815, 819 (Tex. App.—Fort Worth 2001, no pet.). Although a court
cannot render a valid agreed judgment absent consent at the time it is rendered, the
court may, after notice and a hearing, enforce a settlement agreement that complies
with Rule 11, even though one side no longer consents to the settlement. Padilla v.
LaFrance, 907 S.W.2d 454, 461 (Tex. 1995). Once consent is withdrawn, however,
an action to enforce a settlement agreement must be based on proper pleading and
proof. Id. at 462. Thus, a settlement agreement must comply with Rule 11 to be an
enforceable contract. See id.
          First, Quanaim does not challenge that the Agreement complies with Rule 11,
but challenges the trial court’s rendering a judgment enforcing the Agreement after
notice that Quanaim had withdrawn his consent to the Agreement. After the show-cause hearing on February 16, 2004, the trial court resolved conflicting testimony by
Quanaim and Frasco’s counsel by concluding that “[t]he Rule 11 Agreement of July
9, 2003 is fully enforceable as a contract and is hereby enforced as to the release of
the Defendants, FRASCO RESTAURANT & CATERING and FRASCO, INC. by
Henry Quanaim.” Having found the agreement valid and enforceable, the trial court
properly considered the Agreement binding on Quanaim, despite withdrawal of his
consent. See Padilla, 907 S.W.2d at 461; Nichols v. Jack Eckerd Corp., 908 S.W.2d
5, 9 (Tex. App.—Houston [1st Dist.] 1995, no writ) (holding that client is bound by
acts of attorney made on client’s behalf). Quanaim was not entitled to withdraw his
consent to the Agreement. The Texas Supreme Court in Padilla explained
[Plaintiffs] confuse the requirements for an agreed
judgment with those for an enforceable settlement
agreement. Although a court cannot render a valid agreed
judgment absent consent at the time it is rendered, this does
not preclude the court, after proper notice and hearing,
from enforcing a settlement agreement complying with
Rule 11 even though one side no longer consents to the
settlement. The judgment in the latter case is not an agreed
judgment, but rather is a judgment enforcing a binding
contract. 
 
Padilla, 907 S.W.2d at 461 (emphasis added).
            Second, Quanaim contends that, if the final judgment is construed as a
judgment enforcing a binding contract, the trial court erred in entering the judgment
because the trial court did not base the judgment on proper pleadings and proof. If
the parties reach a settlement through alternative dispute resolution procedures and
execute a written agreement disposing of the dispute, the agreement is enforceable
in the same manner as any other written contract. Tex. Civ. Prac. & Rem. Code
Ann. § 154.071(a) (Vernon 1997); Cary v. Cary, 894 S.W.2d 111, 112 (Tex.
App.—Houston [1st Dist.] 1995, no writ). A party seeking enforcement of the
settlement agreement must pursue a breach-of-contract claim, which is subject to
normal rules of pleading and proof. Mantas v. Fifth Court of Appeals, 925 S.W.2d
656, 658 (Tex. 1996). A petition in a contract claim must contain a short statement
of the claim sufficient to give fair notice of the claim involved, including an
allegation of a contractual relationship between the parties, and the substance of the
contract that supports the pleader’s right to recover. Cadle Co. v. Castle, 913 S.W.2d
627, 630-31 (Tex. App.—Dallas 1995, writ denied).



          In this case, Frasco filed a motion to enforce the Agreement on November 26,
2003. In its motion, Frasco alleged that Quanaim breached the Agreement by not
signing the Release. Frasco also alleges that the duty to disburse the funds under the
agreement never arose because Quanaim never signed the Release, a condition
precedent to Frasco’s performance. In Frasco’s subsequent proposed Findings of Fact
and Conclusions of Law, adopted by the trial court at the show-cause hearing on
February 16, 2004, Frasco alleged it formed a contractual relationship with Quanaim
when the parties executed a settlement agreement resolving Quanaim’s suit against
Frasco. Frasco attached the Agreement to the motion, in which Frasco specifically
referred to the Agreement. Additionally, the trial court incorporated the Agreement
by reference into the final judgment. Therefore, the motion was sufficient to give
Quanaim fair notice of the contract claim and, as such, satisfied pleading
requirements. Bayway Servs., Inc. v. Ameri-Build Constr., L.C., 106 S.W.3d 156, 160
(Tex. App.—Houston [1st Dist.] 2003, no pet.) (Ameri-Build satisfied pleading
requirements when it alleged a contractual relationship with Bayway by attaching and
expressly incorporated a settlement agreement into a motion to sign judgment that
Ameri-Build filed with the court).
            A party seeking enforcement of a written settlement agreement as a contract
must also support it by proof. Mantas, 925 S.W.2d at 658. Quanaim contends that
Frasco did not support its action to enforce the agreement with proper proof. We treat
this argument as a challenge to the sufficiency of the evidence. Bayway Servs., Inc.,
106 S.W.3d at 160. When, as here, the party without the burden of proof challenges
the legal sufficiency of the evidence, we will sustain the challenge only if,
considering the evidence and inferences in the light most favorable to the finding,
there is not more than a scintilla of evidence supporting it. Burroughs Wellcome Co.
v. Crye, 907 S.W.2d 497, 499 (Tex. 1995). “More than a scintilla of evidence exists
where the evidence supporting the finding, as a whole, ‘rises to a level that would
enable reasonable and fair-minded people to differ in their conclusions.’” Id.
(quoting Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex. 1994)). However, when
the record does not indicate whether the trial court admitted or considered evidence
prior to rendering judgment, and the record on appeal contains no statement of facts,
we indulge no presumptions in favor of the judgment. Otis Elevator Co. v. Parmelee,
850 S.W.2d 179, 181 (Tex. 1993).
          In this case, the record indicates that the trial court heard evidence at the show-cause hearing on February 16, 2004. The record on appeal does not contain Findings
of Facts, but Frasco’s brief references the trial court’s Findings of Fact and
Conclusions of Law, which were signed by the trial court on February 16, 2004. 
Consequently, we indulge presumptions in favor of the judgment. See Univ. of
Houston-Clear Lake v. Marsh, 981 S.W.2d 912, 916 (Tex. App.—Houston [1st Dist.]
1998, no pet.). 
          To prevail on a contract claim, the plaintiff must plead and prove (1) a contract
existed between the parties; (2) the contract created duties; (3) the defendant breached
a material duty under the contract; and (4) the plaintiff sustained damages. Cadle
Co., 913 S.W.2d at 631; see also Snyder v. Eanes Indep. Sch. Dist., 860 S.W.2d 692,
695 (Tex. App.—Austin 1993, writ denied). Frasco presented evidence of breach of
contract. Specifically, in Findings of Fact Three


 and Four,


 Frasco presented
evidence that it entered into a contract with Quanaim and that the contract enumerated
duties each party agreed to under the contract. In Findings of Fact Five


 and Six,



Frasco presented evidence that Quanaim breached a material duty under the contract
by showing that Frasco’s counsel tendered a release to Quanaim, but Quanaim failed
to sign the release in violation of clause 2(A) of the Agreement. Frasco presented
evidence that he sustained injury as a result of Quanaim’s breach in Finding of Fact
Seven,


 which showed that Dollinger applied for distribution of the funds. 
Conclusion of Law Two


 revealed that Frasco is at risk for inconsistent judgments if
Dollinger’s application was entertained without first resolving the issue of Frasco’s
release from Quanaim. The trial court adopted all of these Findings of Fact and
Conclusions of Law. We conclude that the evidence is legally sufficient to support
the trial court’s judgment. 
          Accordingly, we overrule Quanaim’s first and second issues. 
            In issues three through five, Quanaim contends that the trial court’s final
judgment of dismissal does not conform to the Agreement executed by counsel for
Quanaim and Frasco. Specifically, Quanaim argues that the final judgment does not
conform to the Agreement’s terms because (1) the Agreement does not mandate
dismissal by the court or nonsuit by Quanaim; (2) the Agreement provides for
mediation of the Agreement’s terms before the parties undertake any legal action to
enforce the Agreement; and (3) the July 9, 2003 hearing indicates the parties have not
reached a final settlement and needed to negotiate further. We construe Quanaim’s
arguments under issues three through five as challenges to the sufficiency of the
evidence underlying the trial court’s Findings of Fact and Conclusions of Law. 
            In an appeal from a bench trial, a trial court’s Findings of Fact have the same
weight as a jury’s verdict. Amador v. Berrospe, 961 S.W.2d 205, 207 (Tex.
App.—Houston [1st Dist.] 1996, writ denied). We review the sufficiency of the
evidence by the same standards applied in reviewing evidence supporting a jury’s
answer. Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994). In reviewing a
factual-sufficiency point, we consider all the evidence supporting and contradicting
the finding. Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989). We
set aside the verdict only if the finding is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176
(Tex. 1986). In a bench trial, the trial court, as factfinder, is the sole judge of the
credibility of the witnesses. Southwestern Bell Media, Inc. v. Lyles, 825 S.W.2d 488,
493 (Tex. App.—Houston [1st Dist.] 1992, writ denied). 
          We review de novo a trial court’s Conclusions of Law, and uphold them on
appeal if the judgment can be sustained on any legal theory supported by the
evidence. BMC Software Belgium v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002); In
re Moers, 104 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.] 2003, no pet.). An
appellant may not challenge a trial court’s Conclusions of Law for lack of factual
sufficiency, but we may review the legal conclusions drawn from the facts to
determine their correctness. BMC Software Belgium, 83 S.W.3d at 794. 
          Quanaim’s argument under issue three is a challenge to the sufficiency of the
evidence supporting Conclusions of Law Four and Five. Conclusions of Law Four
and Five are proper interpretations of sections (A) and (B) of paragraph (2) of the
Agreement.


 Quanaim’s signing and execution of a release favoring Frasco was a
condition precedent to the court’s disbursement of the funds from its registry to
Quanaim’s former counsel, Dollinger. Conclusion of Law Four stated that Quanaim
“failed to show cause, though duly noticed to do so, why he had not executed a
Release pursuant to the Rule 11 Agreement of July 9, 2003.” The trial court
concluded in Conclusion of Law Five that the Rule 11 Agreement is “fully
enforceable as a contract and is hereby enforced as to the release of the Defendants.” 
Thus, after Frasco was released from Quanaim’s suit as set out in section (A) of
paragraph (2), the trial court then had the authority in its final judgment to nonsuit
Frasco in accordance with paragraph (B). We overrule Quanaim’s third issue. 
          We construe Quanaim’s argument under issue four as a challenge to the
sufficiency of the evidence supporting Finding of Fact Four. In issue four, Quanaim
contends that the final judgment did not conform to the parties’ Agreement because
the Agreement required mandatory mediation, not dismissal, if the parties disgreed
regarding the terms of the Agreement. However, Quanaim’s failure to sign the
release, the basis for Frasco’s motion to enforce the Agreement, was not a
“disagreement regarding the terms” of the settlement. Rather, Quanaim’s failure to
execute the release was a breach of Quanaim’s duties under the Agreement, which he
incorrectly concludes is excused by withdrawal of his consent. Therefore, Frasco’s
attempt to enforce the Agreement did not mandate mediation before the court could
render final judgment. We overrule Quanaim’s fourth issue. 
          Quanaim’s argument under issue five is a challenge to the sufficiency of the
evidence supporting Finding of Fact One


. With regard to issue five, Quanaim
contends that the final judgment does not reflect accurately the terms of the July 9,
2003 hearing. On July 9, 2003, the record reflects that Dollinger asked Quanaim at
the show-cause hearing if he understood the consequences of this settlement and if
he understood that “[y]ou will not put any money in your pocket as a result of this
settlement.” Quanaim answered, “I agree to that.” Frasco’s counsel asked Quanaim,
“And if [payment of $5,362.11 into the registry of the court for Dollinger to later
collect] is the term of the settlement, then you’ve approved that?” Quanaim
answered, “Yes, [a]s long as I have written documentation.” In fact, Finding of Fact
Two memorializes Quanaim’s testimony at the July 9, 2003 hearing that a release of
Frasco and the approval of a nonsuit against Frasco were portions of the settlement
that Quanaim discussed with his former counsel, Dollinger. After considering all the
evidence supporting and contradicting Finding of Fact One, we find the evidence of
Quanaim’s approval of the Settlement at the July 9, 2003 hearing to be factually
sufficient evidence.


 We overrule Quanaim’s fifth issue.
            In issue six, Quanaim contends that the trial court’s Findings of Fact and
Conclusions of Law of February 16, 2004 are ineffective because the trial court lost
plenary jurisdiction on September 25, 2003. Although he did not object to the trial
court’s issuance of Findings of Fact and Conclusions of Law, Quanaim contends that
the issue is one of fundamental error and, therefore, can be raised for the first time on
appeal. 
            Despite the time limits in the Texas Rules of Civil Procedure, nothing expressly
prevents a trial court from filing original Findings and Conclusions late. Robles v.
Robles, 965 S.W.2d 605, 611 (Tex. App.—Houston [1st Dist.] 1998, pet. denied);
Jefferson County Drainage Dist. No. 6 v. Lower Neches Valley Auth., 876 S.W.2d
940, 959-60 (Tex. App.—Beaumont 1994, writ denied); Morrison v. Morrison, 713
S.W.2d 377, 380-81 (Tex. App.—Dallas 1986, writ dism’d). In fact, a trial court’s
failure to file Findings and Conclusions is often a remedial error and the appellate
court may abate an appeal and remand the case to the trial court to make the requisite
findings. Cherne Indus., Inc. v. Magallanes, 763 S.W.2d 768, 772-73 (Tex. 1989). 
A trial court’s late filing of Findings of Fact and Conclusions of Law is not reversible
error unless the complaining party shows that the error caused harm. Robles, 965
S.W.2d at 611. 
          We conclude that, when a court files belated Findings of Fact and Conclusions
of Law, the only issue that arises is the injury to the appellant. Morrison, 713 S.W.2d
at 381. Quanaim fails to allege any specific harm. Therefore, we overrule Quanaim’s
sixth issue.
Rule 45 Sanctions
          In its brief, Frasco contends that Quanaim’s appeal is frivolous and requests
monetary sanctions. Rule 45 of the Rules of Appellate Procedure permits an
appellate court to award a prevailing party “just damages” for a “frivolous” appeals. 
Tex. R. App. P. 45; Smith v. Brown, 51 S.W.3d 376, 380 (Tex. App.—Houston [1st
Dist.] 2001, pet. denied). In determining whether an appeal is frivolous, we apply an
objective test. Smith, 51 S.W.3d at 381. We review the record from the viewpoint
of the advocate and ask whether the advocate had reasonable grounds to believe the
judgment could be reversed. Id. We exercise prudence and caution and deliberate
most carefully before awarding appellate sanctions. Id.
 

          After reviewing the record and the arguments presented by the parties to the
trial court and in their briefs, we hold that appellant’s appeal is not frivolous. 
Therefore, we deny Frasco’s motion for damages. 
CONCLUSION
          We affirm the judgment of the trial court. 
 
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Bland.