**Opinion issued August 5, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00321-CV

————————————

**DARRELL BRUESS AND TRACI BRUESS, Appellants**

**V.**

**RESIDENTIAL CREDIT SOLUTIONS, INC., Appellee**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Case No. 11-CV-0342**

---

## MEMORANDUM OPINION

When Darrell and Traci Bruess fell behind on their mortgage payments, Residential Credit Solutions, Inc. initiated foreclosure proceedings against them. The Bruesses sued RCS, thereby halting the foreclosure. The parties attended mediation, which ended with the attorneys for both sides signing a mediated

settlement agreement. Over one year later, the trial court entered a final judgment in RCS's favor "pursuant to the Mediated Settlement Agreement" that dismissed the Bruesses' claims against RCS with prejudice and set new deadlines related to the loan modification and foreclosure efforts.

In one issue, the Bruesses argue that the trial court erred in granting judgment because (1) neither of them signed the settlement agreement, (2) they withdrew their consent before judgment was entered, preventing judgment on a motion to enforce, (3) dismissal of their claims with prejudice had no basis in law, and (4) the settlement agreement mandated that any disputes would be resolved by returning to mediation, not a judgment.

We reverse and remand.

## Background

The Bruesses sued RCS for violations of the Real Estate Settlement Procedures Act of 1974, 12 USC Section 2605(a), (b)(1–3), and (c)(1–3), and for improperly posting their home for foreclosure. The trial court granted a temporary injunction prohibiting foreclosure on August 26, 2011. The parties attended a court-ordered mediation that resulted in a Mediated Settlement Agreement (MSA) signed by counsel for both parties. The MSA states that it is a "basic outline or a short-hand rendition of the terms of the parties' agreement, and formal orders shall be prepared consistent with this agreement" and that "any and all disputes

2

regarding the drafting of the final documents based on this agreement shall be resolved by mediation and/or arbitration with the mediator, Mary Nell Crapitto." The MSA has three agreed terms:

1. [RCS] to hold off on foreclosure (for short sale) until April 30, 2012.

2. Plaintiff, Darrell Bruess, to submit new application for loan modification by December 15, 2011 (to include revised income) and Response from RCS shall be forthcoming before January 15, 2012.

3. Trial is continued pending the "loan application approval process" for 90 days.

The loan approval process was delayed, causing these deadlines to be missed. The parties filed an agreed motion for continuance, explaining that they "have been cooperating in exchanging documents for the loan modification, a process [that] has taken longer than expected." The continuance postponed the trial setting until at least May 31, 2012.

On May 31, RCS filed a motion to enforce the MSA, arguing that under the terms of the MSA the parties "agreed to a timetable during which the [Bruesses] would submit an application and documentation for a loan modification review. [RCS] agreed not to post the property for foreclosure prior to April 30, 2012." RCS alleged that the Bruesses "failed to provide a complete application and supporting documentation for the loan modification by the agreed due date." RCS further asserted that the agreement "not to post the property for foreclosure prior to April 30, 2012" was, in effect, an agreement "to allow the Property to be posted for

3

foreclosure after April 30, 2012." Thus, RCS sought a judgment permitting it to foreclose on the property and, secondarily, dismissing the Bruesses' claims against it with prejudice. The Bruesses opposed the motion.

Following a hearing, the court signed a final judgment dissolving the temporary injunction, ordering the Bruesses to submit a new loan modification application within 23 days, but allowing RCS to post the property for foreclosure after just 14 days. The final judgment further ordered that the Bruesses' claims against RCS "are dismissed with prejudice."

The Bruesses appeal the judgment, arguing that it goes beyond the terms of the MSA and that the proper resolution of the dispute should have been to order the parties to further mediate as specified in their MSA. The Bruesses request that the trial court's judgment be reversed and the matter remanded.

**Standard of Review**

Because it is undisputed that the Bruesses did not consent to an agreed judgment based on the MSA, we treat the judgment as affirming RSC's claim that the Bruesses breached the terms of the MSA. *See Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996) (orig. proceeding) (holding that, after one party withdraws consent to settlement, court may enter judgment for breach of settlement agreement but not an agreed judgment). Procedurally, the judgment was entered without a trial on the merits, suggesting the court treated RSA's motion to

enforce as a summary judgment motion. *See* TEX. R. CIV. P. 166a(c); *Mayhew v. Town of Sunnyvale*, 774 S.W.2d 284, 286–87 (Tex. App.—Dallas 1989, writ denied). Substantively, the final judgment states that the court "reviewed the pleadings, arguments of counsel, if any, and the Mediated Settlement Agreement," which is consistent with a ruling on a summary judgment motion. We conclude, therefore, that the standard of review for the grant of a traditional summary judgment motion applies. *See Martin v. Black*, 909 S.W.2d 192, 195 (Tex. App.—Houston [14th Dist.] 1995, writ denied) (because trial court ruled as matter of law that settlement was enforceable, appellate court applied standard of review for summary judgments); *Spiegel v. KLRU Endowment Fund*, 228 S.W.3d 237, 240–41 (Tex. App.—Austin 2007, pet. denied) (because enforcement of mediated settlement agreement raised purely legal issues, court used de novo standard of review). We review the judgment de novo. *Provident Life & Accid. Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003) (applying de novo standard to summary judgment).

### Challenge Based on Lack of Party Signature

The Bruesses argue that the absence of their signatures on the MSA indicates that they never consented to the agreement and, as a result, cannot be bound by its terms. But the Bruesses' attorney did sign the agreement, and that signature binds the Bruesses even without their signatures on the document. *See*

5

*Kelly v. Murphy*, 630 S.W.2d 759, 761 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.); *Robinson v. Cason*, No. 01–11–00916–CV, 2013 WL 3354651, at *9 (Tex. App.—Houston [1st Dist.] July 2, 2013, no pet.) (mem. op.). Thus, the Bruesses cannot avoid the settlement agreement based on their failure to sign the agreement. The Bruesses can be bound by the MSA's terms, based on their attorney's signature, provided that the other elements of RCS's claim are proven.

**Challenge to Form of Motion**

The Bruesses also contend that RCS's motion to enforce was not a valid mechanism to obtain judgment against them because they had withdrawn consent to enforcement of the settlement agreement. According to the Bruesses, once a settling party withdraws consent to a settlement agreement, judgment is available only through a motion for summary judgment that asserts a breach-of-contract claim or a trial on the merits. Thus, they contend, the trial court erred by granting final judgment on only a motion to enforce.

While other courts have indicated that a party moving for judgment on a settlement agreement to which the other party has withdrawn consent must do so by means of a motion for summary judgment, this Court repeatedly has held that a motion to enforce an agreement may be treated as a motion for summary judgment so long as the motion "gives the nonmovant notice of the claim asserted and an opportunity to defend itself." *Robinson*, 2013 WL 3354651, at *4; *see Bayway*

6

*Servs., Inc. v. Ameri-Build Constr., L.C.*, 106 S.W.3d 156, 160 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *see also Neasbitt v. Warren*, 105 S.W.3d 113, 117 (Tex. App.—Fort Worth 2003, no pet.).

RCS's motion asserted that a settlement agreement existed between the parties, attached and incorporated the settlement agreement, and alleged that the terms of the agreement permitted RCS to foreclose on the property after the specified date. The motion gave the Bruesses notice of the claim being asserted. *See Bayway Servs.*, 106 S.W.3d at 160. And the hearing on the motion occurred more than 21 days after notice was given. *See* TEX. R. CIV. P. 166a(c) (requiring 21 days' notice of summary judgment motion). Therefore, under *Bayway Services*, the trial court could treat the motion to enforce as a summary judgment motion. *See id.*

### Judgment was in Error

The Bruesses next argue that the trial court erred in dismissing their claims with prejudice because that remedy was inconsistent with the parties' settlement agreement. They argue that, under the terms of their agreement, the parties should be required to return to mediation to resolve their ongoing dispute instead.

Courts cannot read into an agreement terms that were not included by the parties. *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 162 (Tex. 2003) ("[W]e may neither rewrite the parties' contract nor add to its language."); *Vickrey v. Am. Youth Camps, Inc.*, 532 S.W.2d 292, 292 (Tex. 1976) ("A final judgment

7

which is founded upon a settlement agreement reached by the parties must be in strict or literal compliance with that agreement.") Neither can courts grant remedies for breach of an agreement not contemplated by the parties. *See Island Entm't, Inc. v. Castaneda*, 882 S.W.2d 2, 5 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (holding that trial court could enforce settlement agreement but could not punish breach with sanctions). Thus, the remedy available to RCS through a motion to enforce was limited by the terms of the parties' agreement.

The trial court's judgment granted to RCS the right to foreclose on the Bruesses' property and dismissed the Bruesses' claims against RCS with prejudice. But the MSA does not address a final resolution of the parties' claims against each other. RCS's motion to enforce alleges that the parties "agreed to allow the [subject property] to be posted for foreclosure after April 30, 2012." Yet RCS did not provide any evidence of such an agreement. The MSA does not contain that term: it provides that RCS will not foreclose before April 30, which is not equivalent to granting to RCS an unfettered right to foreclose after that date has passed without consideration of the Bruesses' claims that remain unresolved.

The parties did not reach an agreement on the merits of their competing claims. Instead, the MSA was an agreement to continue the case, leaving in place the status quo while the parties attempted to reach agreement on a new loan application. The agreement specifically stated that "[t]rial is continued pending the

8

'loan application approval process' . . . ." This term is inconsistent with the trial court's judgment dismissing the Bruesses' claims against RCS with prejudice.

"In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument." *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). A fair reading of these parties' agreement is that they entered into a standstill agreement through April 30, and after that date, if a new loan had not been closed, they could pursue their legal rights and remedies. The parties did not agree to foreclosure.

That is not to say that the court could not enforce the settlement agreement upon proper proof. It could not, however, grant RCS's requested relief—dismissal with prejudice of the Bruesses' defense against foreclosure—because the parties did not agree to settle the Bruesses' underlying claim against RCS. Instead, they only agreed to continue trial on that claim and postpone foreclosure to allow additional time for a loan modification. *See El Paso Field Servs., L.P. v. MasTec N. Am., Inc.*, 389 S.W.3d 802, 806 (Tex. 2012) (unambiguous contract construed as matter of law).

Because the trial court granted RCS judgment on the Bruesses' underlying claim based on an agreement that neither resolved that issue nor settled all aspects of the parties' dispute, it was in error. *Cf. Abdulwahab v. Sam's Real Estate Bus. Trust*, No. 02-10-00282-CV, 2011 WL 2989969, at *4–5 (Tex. App.—Fort Worth

July 21, 2011, pet. denied) (mem. op.) (holding that trial court did not err in dismissing settling party's claims with prejudice as part of enforcement of settlement agreement because agreement specifically included release as term of agreement). We sustain the Bruesses' first issue and reverse the trial court's judgment.

The Bruesses have requested "remand of their claims" to the trial court for "a trial on the merits." Because we have sustained the Bruesses' first issue and reversed the trial court's judgment, we remand the cause for trial.[1]

## Conclusion

Having found that the trial court's judgment exceeded the terms of the parties' agreement and was in error, we reverse the judgment and remand the cause for trial on the merits of the parties' causes of action and defenses.

Harvey Brown
Justice

Panel consists of Justices Keyes, Bland, and Brown.

---

[1] The Bruesses also have argued that the trial court erred by not requiring further mediation before entering judgment against them. In support of this claim, they point to language in the MSA, providing that "any and all disputes regarding the drafting of the final documents based on this agreement shall be resolved by mediation." This Court ordered the parties to mediation, and the parties returned to the same mediator they used in executing the MSA. The Court later was informed that "the parties made a good-faith effort to settle the issues [but] were unable to reach an agreement and an impasse was declared."