**Glenn NEASBITT and Sally Neasbitt, Appellants,**

**v.**

**David P. WARREN, D.V.M., Appellee.**

**No. 2–02–206–CV.**

Court of Appeals of Texas,
Fort Worth.

April 3, 2003.

1. Article 11.08 provides an alternative when there is no judge within the district. Tex.Code Crim. Proc. Ann. art. 11.08.

Terry M. Vernon, Fort Worth, for Appellant.

Brown Pruitt Peterson & Wambsganss, P.C., Donald A. Ferrill, D.V.M., Fort Worth, for Appellee.

PANEL B: DAUPHINOT, HOLMAN and GARDNER, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

## I. INTRODUCTION

This appeal results from a judgment rendered in accordance with the terms of a settlement agreement between the parties. Appellants Glenn and Sally Neasbitt sued Appellee David P. Warren, D.V.M. for money damages resulting from the death of a horse, which was allegedly the result of veterinary medical negligence. The parties, through counsel, agreed in open court to settle the case and recited the terms of the agreement on the record. Appellants withdrew their consent to the agreement before the judgment was entered. After a hearing, the trial court granted Appellee's motion to enforce the settlement agreement. Because we conclude that the trial court properly granted Appellee's motion, we affirm the trial court's judgment.

## II. FACTUAL SUMMARY

On October 12, 2001, which was the Friday before the Monday on which trial was scheduled to commence, the attorneys for both sides met with the trial court, indicated that a settlement agreement had been reached, and dictated the agreement into the record. Appellants' counsel stated that he had specific authority to enter into the agreement on behalf of his clients.

On January 4, 2002, Appellants' counsel filed a motion to withdraw as counsel, basing his withdrawal on his clients' refusal to sign the settlement agreement. Appellants, acting pro se, subsequently filed a letter stating that the settlement had fallen through because of a disagreement over the terms. Ten days after filing the letter, Appellants, again acting pro se, filed notice with the trial court stating that they were withdrawing their consent to the settlement agreement. A few days later, Appellee filed a motion to enforce the settlement agreement as a Rule 11 agreement. Appellants responded to this motion by arguing that (a) Appellee did not properly plead a cause of action; (b) the parties failed to execute the agreement; (c) the written agreement contained terms that were not dictated into the record; (d) the settlement check had been negotiated without Appellants' consent; (e) the settlement funds had been returned and accepted by Appellee; and (f) Appellants effectively revoked the agreement.

The trial court conducted a hearing on the motion to enforce the agreement on March 1, 2002 and heard sworn testimony from Appellant Sally Neasbitt and from Appellee's attorney. The court ruled from the bench, granting Appellee's motion to enforce the settlement agreement and ordering the settlement funds to be placed in the registry of the court. The trial court also entered a finding that "the record of the settlement reflect[ed] that the [appellants] did consent to the settlement."

On March 15, the trial court signed an order requiring Appellants to execute a compromise settlement agreement and a release of judgment. The court also ordered that Appellants' lawsuit be dismissed with prejudice, taxing costs against Appellants. Appellants filed a timely notice of appeal.[1]

## III. LEGAL ANALYSIS

In three points on appeal, Appellants contend that the trial court erred by (1) granting Appellee's motion to enforce the settlement agreement; (2) denying Appellants' motion for new trial; and (3) allowing Appellants' Rule 329b motion to correct, modify, or reform the judgment to be overruled by operation of law. We overrule each of Appellants' points.

### A. Enforcing Settlement Agreements

■ In their first point, Appellants contend that the trial court erred in granting Appellee's motion to enforce the settlement agreement. According to Rule 11, no agreement between the parties or their attorneys shall be enforceable unless the agreement is either (1) in writing, signed by the parties, and filed as part of the record or (2) made orally in open court and entered as part of the record.[2] A valid Rule 11 agreement must contain all essential terms of the agreement and must be "complete within itself in every material detail." [3]

In this case, counsel for the parties appeared before the trial court and stated on the record that a settlement between the parties had been reached. Appellee's counsel then recited on the record the terms of the agreement, which included the amount of money to be paid by Appellee, the confidentiality provisions, the indemnification provisions, and the disposition of the suit. Representing to the trial court that he had Appellants' authority to

---

1. *See* Tex.R.App. P. 25.1(a).

2. Tex.R. Civ. P. 11.

3. *Padilla v. LaFrance,* 907 S.W.2d 454, 460 (Tex.1995); *CherCo Props., Inc. v. Law, Snakard & Gambill, P.C.,* 985 S.W.2d 262, 265 (Tex.App.-Fort Worth 1999, no pet.).

settle the case, Appellants' counsel then stated on the record that he agreed with everything Appellee's counsel had stated except the indemnification provisions. After a short discussion, the attorneys resolved the indemnification issue and consented to the detailed agreement on the record before the trial court. Therefore, the attorneys entered into a valid Rule 11 agreement.[4]

▮ Appellants argue that they withdrew their consent and, therefore, the settlement agreement is null and void. We reject this argument. It is true that a trial court cannot render a valid *agreed judgment* if one party has withdrawn consent before the time the judgment is to be rendered; however, a settlement agreement that complies with Rule 11 can be enforced by the trial court after proper notice and a hearing.[5] "Once consent is withdrawn, an action to enforce a settlement agreement must be based on proper pleading and proof."[6] Appellants correctly state that the proper remedy when consent is withdrawn is the enforcement of a binding contract.[7] We must now determine whether Appellee properly pled a breach of contract cause of action.

▮ Appellants contend that Appellee wholly failed to properly plead breach of

contract and that Appellee failed to meet his burden of proof with regard to the breach of contract. Accordingly, we must decide whether, under the facts of this case, a motion to enforce a settlement agreement can be considered a pleading such that Appellants had an opportunity to defend themselves. We hold that, under the facts of this case, the motion constitutes a proper pleading.

▮ "A pleading is an original or amended petition or answer, which may also include or constitute a response, plea, or motion."[8] "When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated."[9] When determining the nature of a filing with the court, the contents of the filing govern over the title of the document.[10] "[T]he purpose of pleadings is to give the adversary parties notice of each [party's] claims and defenses, as well as notice of the relief sought."[11]

In a factually similar case, the Dallas Court of Appeals held that a motion to enforce a settlement agreement was sufficient to give a party notice of the defense and, thus, constituted a pleading.[12] The parties in *Browning* entered into an oral

---

4. See Tex.R. Civ. P. 11; *see also Padilla,* 907 S.W.2d at 461 (stating that purpose of placing agreement before trial court is to allow trial court to judge its importance and to act accordingly upon it); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 677 (Tex. 1979).

5. *Padilla,* 907 S.W.2d at 461; *Alcantar v. Okla. Nat'l Bank,* 47 S.W.3d 815, 819 (Tex. App.-Fort Worth 2001, no pet.).

6. *Alcantar,* 47 S.W.3d at 819.

7. See *CherCo. Props.,* 985 S.W.2d at 265.

8. *In re L.A.M. & Assocs.,* 975 S.W.2d 80, 84 (Tex.App.-San Antonio 1998, no pet.).

9. Tex.R. Civ. P. 71.

10. *See id.; see also Wilson v. Kutler,* 971 S.W.2d 557, 559 (Tex.App.-Dallas 1998, no pet.) (holding that request for hearing cannot be treated as motion for new trial where nothing in request suggests it was intended to be motion for new trial).

11. *Perez v. Briercroft Serv. Corp.,* 809 S.W.2d 216, 218 (Tex.1991).

12. *Browning v. Holloway,* 620 S.W.2d 611, 615 (Tex.Civ.App.-Dallas 1981, writ ref'd n.r.e.).

settlement agreement, and the plaintiffs subsequently withdrew their consent to the agreement before judgment was entered, just as in this case.[13] Applying Texas Rules of Civil Procedure 1 and 71, the court determined that the defendant had raised the breach of contract claim in its motion to enforce the settlement agreement.[14] Similarly, we hold that, under the facts of this case, the breach of contract cause of action was properly pled in Appellee's motion.

In this case Appellee filed a motion to enforce the agreement two days after Appellants withdrew their consent. The motion specifically recited the terms of the agreement and stated that a settlement check for $2,727 had been forwarded to Appellants along with the written settlement agreement and release. The motion further stated that Appellants had refused to sign the settlement documents, requested that the motion be set for hearing with notice to all parties, and requested the trial court to enforce the settlement agreement. The motion clearly stated the terms of the agreement, detailed Appellant's breach of that agreement, and requested relief for Appellee. We overrule Appellants' first point.

## B. Opportunity to Defend

 In Appellants' second point, they complain that the trial court erred when it denied their motion for new trial. They repeat their arguments that Appellee did not plead the proper cause of action. We addressed and overruled the defective pleading arguments above. Appellants also argue that the trial court erred when

it denied their motion for new trial because they had neither an opportunity to prepare a defense to Appellee's breach of contract claim nor an opportunity to go to trial.

Appellee filed its motion to enforce the agreement on January 16, 2002, and Appellants filed a response to the motion thirty-seven days later. The hearing was not held until March 1, which was forty-five days after the motion was filed. We note that Appellants never sought a continuance so that they could properly respond to the contract claim.[15] Appellants do not argue that they did not have sufficient time to respond to the motion to enforce. Instead, they only argue that they did not have the opportunity to prepare a defense to the breach of contract cause of action. Because we held above that Appellee properly pled breach of contract and because Appellants did not preserve any error regarding their opportunity to defend themselves, we hold that Appellants waived any argument pertaining to their lack of opportunity to prepare a defense or to go to trial.[16] We overrule Appellants' second point.

## C. Modification of the Judgment

 Appellants contend in their third point that the trial court erred in allowing their Rule 329b motion to correct or modify the trial court's judgment to be overruled by operation of law.[17] Once again, Appellants' incorporate their arguments from points one and two, which were overruled above. We will not address them again here. Appellants also argue that they are being forced to sign an agreement

13. *Id.* at 613.

14. *See id.* at 615; *see also* Tex.R. Civ. P. 1, 71.

15. *See* Tex.R.App. P. 33.1(a); *see also Magnuson v. Mullen,* 65 S.W.3d 815, 829 (Tex.App.-Fort Worth 2002, no pet.) (holding that error was not preserved where motion for continu-

ance was contingent upon whether a hearing on the motion was required).

16. *See Magnuson,* 65 S.W.3d at 829.

17. Tex.R. Civ. P. 329b.

against their free will that contains false statements or statements that are less than true. Appellants argue that the terms in the agreement that the trial court has ordered them to sign were not agreed to at the settlement hearing.

The appellate brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.[18] Appellants have presented a point without presenting any argument or authority and, accordingly, have waived this point on appeal.[19] We overrule Appellants' third point.

## IV. CONCLUSION

Having overruled each of Appellants' points, we affirm the trial court's judgment.

---

18. TEX.R.APP. P. 38.1(h).

19. *See id.; see also CherCo Props.*, 985 S.W.2d at 266–67 (holding that every appellant's brief must contain a clear and concise argument in support of its contentions, including appropriate citations to authorities and to the record).