

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-10-00282-CV

HUSSAIN ABDULWAHAB, INDIVIDUALLY AND D/B/A FURNITURE GALAXY AND BAZAAR

APPELLANT

V.

SAM'S REAL ESTATE BUSINESS TRUST, A DELAWARE STATUTORY TRUST

APPELLEE

----------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

This appeal arises from a judgment that the trial court rendered after the parties entered into a Mediation Settlement Agreement (MSA). The trial court

---

[1]*See* Tex. R. App. P. 47.4.

granted appellee Sam's Real Estate Business Trust, a Delaware Statutory Trust's motion to dismiss, which sought enforcement of the MSA. We affirm the trial court's judgment.

## Background Facts

In February 2007, appellee sued appellant for breach of a commercial sublease that was related to a building in Grand Prairie.[2] Appellee claimed that appellant had breached the agreement by not paying rent and other costs. Appellant admitted to entering into the sublease but asserted that although appellee had represented that it would repair various aspects of the building, it had not done so. Thus, appellant counterclaimed for breach of warranty of suitability, breach of covenant of quiet enjoyment, and deceptive trade practices.[3] Appellee answered the counterclaims, and appellee filed a motion to strike them based on appellant's alleged failure to properly answer discovery, a hybrid motion for summary judgment on the counterclaims, and a no-evidence motion for summary judgment on appellant's affirmative defenses. The trial court granted

---

[2]In January 2008, appellee obtained a no-answer default judgment against appellant for $970,097.98 plus postjudgment interest. Appellant then filed an answer, which contained affirmative defenses, and a motion for new trial. Although appellee opposed the motion for new trial, the trial court granted it and vacated the default judgment.

[3]*See* Tex. Bus. & Com. Code Ann. §§ 17.41–.63 (West 2011).

appellee's hybrid motion for summary judgment, ruling that appellee was entitled to judgment as a matter of law on appellant's counterclaims.

The parties then mediated appellee's breach of contract claim. On October 23, 2009, the parties reached an agreement to settle the case. The terms of the MSA, in its entirety, are as follows:

> On this the 23th [sic] day of October 2009, the parties identified below resolved the referenced matter on the dependent terms outlined below:
>
> 1. Without stipulation as to liability, all parties agree to completely release and discharge any and all claims of any kind, asserted or unasserted, known or unknown, that were or that could have been joined in the referenced litigation between these parties.
>
> . . . .[4]
>
> 3. Counsel for <u>Plaintiff</u> will prepare formal settlement and dismissal documents.
>
> By signing below we acknowledge our understanding of and agreement to the terms outlined above.

The agreement displays appellant's signature as well as the signatures of counsel for both parties.

The MSA was filed three days later. In May 2010, seven months after the MSA had been executed, appellee filed a motion to dismiss all claims, alleging that appellant had refused to sign a formal settlement document because he was

---

[4]It appears that the parties used a pre-formatted agreement, and the text following the second term is crossed out and contains blanks that were never completed.

3

considering filing a lawsuit against the real estate broker who helped market the property that appellant subleased from appellee.[5] The motion to dismiss stated that appellant had failed to appear for two dismissal hearings scheduled by the trial court and that the court had "directed" that the motion be filed. The motion recited that the formal settlement document that appellant had refused to sign contained "customary release language" that precluded claims against agents of either party.[6] Finally, the motion informed the trial court that appellant disagreed that claims against the parties' agents should be dismissed.

On May 28, 2010, appellee gave appellant written notice that the motion to dismiss would be submitted for the trial court's consideration on June 7, 2010, without an oral hearing. Appellant did not file a response by June 7, and on that date the trial court signed an order granting the motion and stating that

> any and all claims of any kind, asserted or unasserted, known or unknown, that were or that could have been joined in this lawsuit, which includes claims against potential agents of either [appellee] or

---

[5]Appellant states in his brief, "[Appellee] drafted, but [appellant] did not sign, the proposed formal settlement document." In the motion to dismiss, appellee alleged that it settled its breach of contract claim with appellant because appellant had threatened to leave the country or file for bankruptcy, "leaving a minimal chance of being able to collect any money from [appellant] after a money judgment had been obtained."

[6]In the motion to dismiss, appellee argued, "In essence, [appellant] wants to pursue a claim against a potential agent of [appellee's] . . . while, at the same time, foreclosing [appellee's] opportunity to collect unpaid rent from him. Such is an absurd position to take . . . ."

[appellant] (including real estate brokers), are released by both [appellee] and [appellant] and discharged with prejudice.

Two weeks later, appellant requested findings of fact and conclusions of law. Appellee objected, arguing that the trial court's findings and conclusions would not be proper under the rules of civil procedure because the court did not hear conflicting evidence on the dismissal motion. The trial court agreed with appellee and denied appellant's request.

Appellant filed a motion to modify, reform, or correct the judgment, stating that the MSA settled claims among only the named parties. In the motion, appellant represented that he had not withdrawn his consent to the settlement agreement, but he stated that he never gave consent to "any settlement extending beyond the named parties." The trial court denied appellant's motion to reform the judgment, and appellant brought this appeal.

## The Propriety of the Trial Court's Judgment

In three issues, appellant contends that the trial court erred by granting appellee's motion to dismiss with prejudice, denying appellant's request for findings of fact and conclusions of law, and denying appellant's motion to modify, reform, or correct the judgment.

**The judgment complied with the MSA**

In his first issue, appellant contends that the trial court erred by signing its June 7, 2010 "Order Granting Motion to Dismiss All Claims, Asserted and

5

Unasserted, Including Potential Agents, with Prejudice" because the order does not strictly and literally comply with the MSA and because the trial court was on notice that he did not consent to a release of claims against potential agents, including real estate brokers, at the time of the judgment. Appellant argues that the trial court altered the express release language in the MSA and therefore rendered an improper consent judgment, an improper ruling that appellant had breached the settlement agreement when no pleading for breach of contract had been filed, or an improper judgment enforcing a settlement agreement when no motion for enforcement had been filed.

Texas has a public policy of encouraging the peaceful resolution of disputes and the early settlement of pending litigation through voluntary settlement procedures. Tex. Civ. Prac. & Rem. Code Ann. § 154.002 (West 2011); *Brooks v. Brooks*, 257 S.W.3d 418, 421 (Tex. App.—Fort Worth 2008, pet. denied). Trial and appellate courts are charged with the responsibility of carrying out this public policy. Tex. Civ. Prac. & Rem. Code Ann. § 154.003 (West 2011); *Brooks*, 257 S.W.3d at 421.

Appellee argues that the trial court's dismissal order was not an agreed order and that it is therefore irrelevant whether appellant withdrew his consent to the MSA before the entry of the order. Written settlement agreements and rule 11 agreements may be enforced as contracts even if one party withdraws

6

consent before judgment is entered on the agreement. *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009); *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995); *see* Tex. Civ. Prac. & Rem. Code Ann. § 154.071(a) (West 2011) ("If the parties reach a settlement and execute a written agreement disposing of the dispute, the agreement is enforceable in the same manner as any other written contract."); Tex. R. Civ. P. 11; *City of Roanoke v. Town of Westlake*, 111 S.W.3d 617, 626 (Tex. App.—Fort Worth 2003, pet. denied). When consent is withdrawn, an agreed judgment based on the settlement agreement is inappropriate; instead, the party seeking enforcement of the settlement agreement must pursue a claim for breach of contract. *Ford Motor Co.*, 279 S.W.3d at 663; *Padilla*, 907 S.W.2d at 461 ("Although a court cannot render a valid agreed judgment absent consent at the time it is rendered, this does not preclude the court, after proper notice and hearing, from enforcing a settlement agreement . . . even though one side no longer consents to the settlement."); *Alcantar v. Okla. Nat'l Bank*, 47 S.W.3d 815, 819 (Tex. App.—Fort Worth 2001, no pet.). A settlement agreement can be enforced as a contract by the trial court only after proper pleading, notice, hearing, and proof. *Ford*, 279 S.W.3d at 663; *Padilla*, 907 S.W.2d at 462; *Neasbitt v. Warren*, 105 S.W.3d 113, 117 (Tex. App.—Fort Worth 2003, no pet.); *see also Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996) (orig. proceeding) ("Where the settlement dispute arises while the trial court has

7

jurisdiction over the underlying action, a claim to enforce the settlement agreement should, if possible, be asserted in that court under the original cause number.").

Although an amended pleading is one method of raising a claim that a settlement agreement should be enforced as a contract, we have held that a motion seeking enforcement of the settlement agreement is a sufficient pleading to allow a trial court to render judgment enforcing the settlement because such a motion gives the alleged breaching party an opportunity to defend itself. *Neasbitt*, 105 S.W.3d at 117; *see Twist v. McAllen Nat'l Bank*, 248 S.W.3d 351, 361 (Tex. App.—Corpus Christi 2007, orig. proceeding [mand. denied]) (holding that an oral motion to enforce a settlement agreement was sufficient because "[a]s long as the motion recites the terms of the agreement, states that the other party has revoked its previously stated consent to the agreement, and requests the trial court to grant relief, the motion is sufficient"); *Bayway Servs., Inc. v. Ameri-Build Constr., L.C.*, 106 S.W.3d 156, 160 (Tex. App.—Houston [1st Dist.] 2003, no pet.). If the motion satisfies the general purposes of pleadings, which is to give the other party fair notice of the claim and the relief sought, it is sufficient to allow the trial court to render judgment enforcing the settlement. *Twist*, 248 S.W.3d at 361; *Neasbitt*, 105 S.W.3d at 117.[7]

---

[7]In *Neasbitt*, we explained,

Appellant argues that the trial court erred by rendering judgment releasing claims against potential agents when the only pleading pending was a motion to dismiss.[8] Although appellee's motion was labeled as a motion to dismiss, it was essentially a motion to enforce the MSA because appellee alleged that appellant "refuse[d] to sign a formal settlement document 'releas[ing] . . . any and all claims of any kind . . . that could have been joined in [this] litigation' as he agreed to do in [the MSA]." The motion specifically recited and attached the terms of the MSA and stated that appellee's counsel had prepared the formal settlement and dismissal documents required by the agreement. The motion further alleged that the formal settlement documents were forwarded to and approved by appellant's

---

> "A pleading is an original or amended petition or answer, which may also include or constitute a response, plea, or motion." "When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated." When determining the nature of a filing with the court, the contents of the filing govern over the title of the document. "[T]he purpose of pleadings is to give the adversary parties notice of each [party's] claims and defenses, as well as notice of the relief sought."

105 S.W.3d at 117 (citations and footnotes omitted).

[8]Appellant seems to argue that he was deprived of the right to assert defenses and conduct discovery. But appellant did not respond to appellee's motion to dismiss in any respect and therefore did not make the trial court aware of his desire to assert defenses or conduct discovery. He therefore waived any argument pertaining to his lack of an opportunity to prepare a defense. *See* Tex. R. App. P. 33.1(a); *Neasbitt*, 105 S.W.3d at 118.

counsel but that appellant refused to sign them. Appellee requested that the motion to dismiss be set for a hearing with notice to appellant and asked the trial court to enforce the settlement agreement.[9] Thus, the motion contained all of the necessary elements to request enforcement of the MSA. *See Twist*, 248 S.W.3d at 361–62; *Neasbitt*, 105 S.W.3d at 117.

Furthermore, the trial court correctly enforced the settlement agreement to preclude claims against third parties that could have been brought in the litigation between appellee and appellant. The MSA is a contract and is therefore governed by the same rules of construction applicable to all contracts. *See Doe v. Tex. Ass'n of Sch. Bds., Inc.*, 283 S.W.3d 451, 458 (Tex. App.—Fort Worth 2009, pet. denied). Thus, in construing the MSA, our primary concern is ascertaining the true intent of the parties as expressed in the agreement. *Id.* (citing *NP Anderson Cotton Exch., L.P. v. Potter*, 230 S.W.3d 457, 463 (Tex. App.—Fort Worth 2007, no pet.)); *see Republic Nat'l Bank of Dallas v. Nat'l Bankers Life Ins. Co.*, 427 S.W.2d 76, 79–80 (Tex. Civ. App.—Dallas 1968, writ ref'd n.r.e.) (noting that courts should not consider the "intention which the parties may have had, but failed to express in the instrument"). "Words in a contract must carry their ordinary, generally accepted meanings unless the contract itself

---

[9]Appellee stated in the motion, "As agreed in the [MSA], it is now time to put to rest all claims, either asserted or unasserted, that could have been joined in this lawsuit . . . ."

10

shows that the terms have been used in a technical or different sense. In construing a contract, we may not rewrite it nor add to its language." *Doe*, 283 S.W.3d at 458 (citation omitted). The interpretation of an unambiguous contract is a matter of law to be determined by the trial court. *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 423 (Tex. 2000).

The trial court literally and strictly complied with the MSA by ordering that it precluded all claims "that were or that could have been joined in this lawsuit, which includes claims against potential agents."[10] This is precisely what the MSA required when the parties agreed to "completely release and discharge any and all claims of any kind, asserted or unasserted, known or unknown, that were or that could have been joined in the referenced litigation between these parties." Appellant's interpretation of the MSA, that it releases only claims that could have been brought between appellant and appellee, is unreasonable because it would have required the trial court to rewrite the agreement to state, in effect, that the parties agreed to "completely release and discharge any and all claims *of any*

---

[10]Appellant does not dispute that he could have sued appellee's real estate broker in the same suit in which he brought claims against appellee. Texas Rule of Civil Procedure 40(a) provides, "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences . . . ." Tex. R. Civ. P. 40(a).

*kind between these parties*, asserted or unasserted, known or unknown, that were or that could have been joined in the referenced litigation."

Because we hold that the trial court did not err by granting appellee's motion to dismiss (of which appellant had notice and an opportunity to respond) and by strictly enforcing the terms of the MSA, we overrule appellant's first issue. *See Neasbitt*, 105 S.W.3d at 117–19.

**The request for findings of fact and conclusions of law was inappropriate**

In his second issue, appellant argues that the trial court erred by refusing to file findings of fact and conclusions of law. "In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law." Tex. R. Civ. P. 296. "Findings and conclusions are appropriate if there is an evidentiary hearing and the trial court is called upon to determine questions of fact based on conflicting evidence." *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.-UAW v. Gen. Motors Corp.*, 104 S.W.3d 126, 129 (Tex. App.—Fort Worth 2003, no pet.) (citing *Port Arthur ISD v. Port Arthur Teachers Ass'n*, 990 S.W.2d 955, 958 (Tex. App.— Beaumont 1999, pet. denied)). When the trial court rules without determining questions of fact, a request for findings of fact and conclusions of law is inappropriate. *Id.*; *see O'Donnell v. McDaniel*, 914 S.W.2d 209, 210 (Tex. App.— Fort Worth 1995, writ denied) (stating that a dismissal of a case without an

12

evidentiary hearing does not constitute a case that has been "tried" within the meaning of rule 296); *see also Puri v. Mansukhani*, 973 S.W.2d 701, 708 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ("The purpose of Rule 296 is to give a party a right to findings of fact and conclusions of law finally adjudicated after a conventional trial . . . . In other cases, findings and conclusions may be proper, but a party is not entitled to them.").

The trial court did not hold an evidentiary hearing, and its decision to grant appellee's motion to dismiss and enforce the MSA was not based on the determination of any fact issue about which there was conflicting evidence. Instead, at most, it was based on the parties' competing *interpretations* of the principal evidence presented, the MSA, and on appellant's undisputed refusal to sign a document that complied with the MSA's language.

Appellant contends that the trial court decided a disputed fact issue of the parties' intent in signing the MSA. But intent in entering a contract is only a fact issue where the contract is ambiguous, and based on our reasoning above, we hold that the MSA was not ambiguous. *See Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996); *Doe*, 283 S.W.3d at 459.

For these reasons, we hold that the trial court did not err by declining to file findings of fact and conclusions of law. *See* Tex. R. Civ. P. 296. We overrule appellant's second issue.

13

**The trial court correctly denied appellant's motion to modify, reform, or correct the judgment**

In his third issue, appellant argues that the trial court erred by denying his motion to modify, reform, or correct the judgment. That motion and the argument contained in the body of appellant's third issue recast the contentions that appellant made in his first issue. Therefore, for the same reasons that we overruled appellant's first issue, we overrule his third issue. *See Neasbitt*, 105 S.W.3d at 118–19.

## Conclusion

Having overruled each of appellant's issues, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; MCCOY and GABRIEL, JJ.

DELIVERED: July 21, 2011