Opinion issued March 29, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00177-CV

———————————

Warren Spiwak, Appellant

V.

Harris
County, Texas,
Appellee



 



 

On Appeal from the County Civil Court at Law No. 1 

Harris County, Texas



Trial Court Case No. 970,217

 



 

MEMORANDUM OPINION

          In
this appeal from a summary judgment in favor of appellee Harris County, Texas,
to recover unpaid tolls due to the Harris County Toll Road Authority, we
consider whether (1) a question of fact precludes summary judgment, and (2)
appellant’s motion for new trial was properly overruled by operation of
law.  We affirm.

BACKGROUND

In April 2009, before the
underlying suit was filed, appellant Warren D. Spiwak appeared at an administrative
hearing regarding allegations that he had operated his vehicle on a county toll
road without paying the require tolls. 
After the administrative hearing, Spiwak and Harris County entered into
an Agreed Settlement, which provided in relevant part:

HARRIS
COUNTY, TEXAS, and WARREN D. SPIWAK, hereby announce they have agreed to a
settlement of the matter involving failure of vehicle license plate number
BDI-D027 to remit payment for required tolls. As a result of said default IT IS
THEREFORE SETTLED AND AGREED:

 

1.  That WARREN D. SPIWAK is indebted to HARRIS
COUNTY and that the agreement of the parties as reflected herein is fair,
reasonable and just.

 

2.  That WARREN D. SPIWAK agrees to pay HARRIS
COUNTY $1,874.30 to be remitted as follows:

 

One $374.86 payment due on
or before AUGUST 1, 2010 payable to the Harris County Toll Road Authority,

 

Payment of $125.00 each,
beginning on SEPTEMBER 1, 2010, and continuing monthly, becoming due on or
before the 1st day of each month, until the full balance of
$1,874.30 is paid in full.

 

3.  That if WARREN D. SPIWAK fails to make timely
installment payments as agreed herein, time being of the essence hereof, the
full outstanding balance according to Harris County records as of the date of
this document being $1,874.30, plus attorneys fees and court costs accumulated
in collecting the amount due, minus any payments remitted pursuant to this
Settlement, shall immediately become due.

  

 * * * *

 

7. That the parties have
agreed and stipulated that so long as the installment payments due hereunder to
HARRIS COUNTY, are paid according to the above installment payment plan, HARRIS
COUNTY shall not file a cause of action against WARREN D. SPIWAK in an effort
to enforce this agreement.  In the event
WARREN D. SPIWAK, fails to meet the agreed obligations by not timely making any
of the requisite installment payments, HARRIS COUNTY, may take any of the above
mentioned actions.

 

8.  that, if a cause of action must be filed to
enforce this agreement, all costs of Court be and hereby are taxed against
WARREN D. SPIWAK.

 

9. that this Agreement is
the full, complete and final agreement of the parties and supercedes any prior
agreements, written or oral.

 

10. Agreed Amount will settle all violations
that have occurred to date.

          In
August 2010, Harris County filed suit against appellant Warren Spiwak, alleging
that it had a statutory cause of action under section 284.070(a) of the Texas
Transportation Code to collect for unpaid tolls and administrative costs if a
person operates a vehicle on a County road and fails or refuses to pay the
assessed toll.  The County’s petition
further alleged that Spiwak was the registered owner of a vehicle with the
license plate number BD1-D027, and that such vehicle was operated on a county
toll road without paying the required tolls. 
The County’s pleading did not reference a cause of action for breach of
the settlement agreement.

          In
October 2010, Harris County filed a motion for summary judgment contending that
Spiwack had (1) had violated section 284.070(a) of the Texas Transportation
Code, and (2) defaulted on the Settlement Agreement by failing to make timely
payments.  Harris County sought attorneys’
fees and $1,836.80 in damages.

          Spiwak
responded to the motion for summary judgment, attaching evidence that he
contended proved that the tolls incurred were not valid because he had an
“active EZ tag” and “the violations were directly due to the negligence of
HCTRA both administratively and technologically.”  Spiwak’s response did not dispute the fact
that he signed the Settlement Agreement.

          On
December 2, 2010, the trial court granted Harris County’s motion for summary
judgment, awarding it $1,836.80 in damages, plus attorney’s fees and
costs.  The summary judgment does not
specify the grounds upon which it was granted.

          On
January 3, 2011, Spiwak filed a motion for new trial, again alleging that
“there is insufficient evidence to support the validity and accuracy of the
toll fines charged by Plaintiff to Defendant.” 
Specifically, Spiwak alleged that “numerous errors and other technical
problems are the likely cause of the erroneous toll violations charged to
Defendant.”  Spiwak’s motion for new
trial did not challenge the validity of the Settlement Agreement.  Spiwak did not obtain a ruling on his motion
for new trial, and on March 3, 2011, he filed a notice of appeal in this Court.

PROPRIETY OF SUMMARY JUDGMENT

          In
his first issue on appeal, Spiwak contends the trial court erred by granting
Harris County’s motion for summary judgment. 
He argues that fact issues exist regarding the validity of the toll violations assessed by Harris County.

Standard of Review

We review de novo the trial court’s grant of a motion for
summary judgment. Provident Life & Accid. Ins. Co. v. Knott, 128
S.W.3d 211, 215–16 (Tex. 2003). To be successful, a motion under Texas Rule of
Civil Procedure 166a(c) must establish that there is no genuine issue as to any
material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). When a plaintiff moves for summary
judgment on its own claim, the plaintiff must conclusively
prove all essential elements of its cause of action as a matter of law. Rhône–Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  If the movant
conclusively establishes its cause of action, the burden shifts to the
nonmovant to respond with evidence raising a genuine issue of material fact
that would preclude summary judgment. Rhône–Poulenc, 997 S.W.2d at
222–23. In deciding whether a disputed material fact precludes summary
judgment, we take as true evidence favorable to the nonmovant and indulge every
reasonable inference in the nonmovant’s favor. Knott, 128 S.W.3d at 215.

Analysis

Harris County argues that there is no fact question because
it proved it was entitled to recover under the Settlement Agreement as a matter
of law.  A settlement agreement is a
contract between parties, a breach of which gives rise to a cause of action for
breach of contract. See Padilla v. LaFrance, 907 S.W.2d
454, 461–62 (Tex. 1995). To be entitled to summary judgment on this claim, Harris
County was required to prove, as a matter of law, the following essential
elements: (1) the existence of a valid contract; (2) performance or tendered
performance by the plaintiff; (3) breach of the contract by the defendant; and
(4) damages sustained as a result of the breach. See B & W Supply, Inc.
v. Beckman, 305 S.W.3d 10, 16 (Tex. App.—Houston [1st Dist.] 2009, pet.
denied).

Here, Harris County met this burden by introducing the
Settlement Agreement, which provided that, in return for monthly payments by
Spiwak, Harris County would agree not to file suit for the disputed tolls.  Harris County also introduced evidence that
Spiwak had not made monthly payments, and that, as a result, Harris County
sustained damages in the amount of $1,836.80.  Spiwak’s response to summary judgment did not
challenge the validity of the Settlement Agreement.

On appeal, Spiwak argues that the
trial court erred in granting summary judgment based on the Settlement
Agreement because Harris County’s pleadings do not allege a breach of contract
cause of action.  We agree that Rule 301
of the Texas Rules of Civil
Procedure provides that “[t]he judgment of the court shall conform to the
pleadings[.]” Tex. R. Civ. P. 301.

However, unpleaded
claims or defenses that are tried by express or implied consent are treated as
if they had been raised by the pleadings, and any complaint about variances
between a party’s pleadings and summary-judgment briefing cannot be raised for
the first time on appeal. See Roark v. Stallworth Oil & Gas, Inc.,
813 S.W.2d 492, 495 (Tex. 1991).

Here, Spiwak never complained to the trial court about the
lack of a pleading supporting Harris County’s breach of contract claim.  Thus, he cannot raise this issue for the
first time on appeal.  See id.

Further, we note that, although an amended pleading is one
method of raising a claim that a settlement agreement should be enforced as a contract,
courts have held that a motion seeking enforcement of the settlement
agreement is a sufficient pleading to allow a trial court
to render judgment enforcing the settlement because such a motion gives the
alleged breaching party an opportunity to defend itself.  Bayway Servs., Inc. v. Ameri–Build
Constr., L.C., 106 S.W.3d 156, 160 (Tex. App.—Houston [1st Dist.] 2003, no
pet.) (holding motion to enforce settlement agreement was sufficient to give fair notice of
the contract claim, and as such, satisfied pleading requirements); Neasbitt
v. Warren, 105 S.W.3d 113, 117 (Tex. App.—Fort Worth 2003, no pet.) (same).
If the motion satisfies the general purposes of pleadings, which is to give the
other party fair notice of the claim and the relief sought, it is sufficient to
allow the trial court to render judgment enforcing the settlement.  Neasbitt, 105 S.W.3d at 117; Bayway Servs., 106 S.W.3d at 160.

In this case, Harris County’s motion for summary judgment
was sufficient to give Spiwak fair notice that it was seeking judgment based on
the Settlement Agreement, thus satisfying the pleading requirement.

Because Harris County’s motion proved that it was entitled
to judgment as a matter of law based on the Settlement Agreement, the trial
court did not err in granting its motion for summary judgment.  We overrule issue one.

MOTION FOR NEW TRIAL

          In his second issue, Spiwak contends
the “trial court abused its discretion by not granting Appellant’s motion for
new trial.”  However, Spiwak’s motion for
new trial claimed only that there were fact issues precluding summary judgment
and that “numerous errors and other technical problems are the likely cause of
the erroneous toll violations charged to Defendant.”  Spiwak’s motion for new trial did not address
the issue of the Settlement Agreement, which we have already held supported the
trial court’s judgment.  Therefore, the
trial court did not err by permitting Spiwak’s motion to be overruled by
operation of law.

CONCLUSION

          We affirm the trial court’s judgment.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.