

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-19-00427-CV

---

TOMORROW TELECOM, INC. AND TOMORROW WEST, LLC, APPELLANTS

V.

JEREMY JOHNSON, APPELLEE

---

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2017-527,516, Honorable Les Hatch, Presiding

---

March 11, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

This appeal results from a judgment rendered on a Rule 11 agreement between the parties to this suit, appellants Tomorrow Telecom, Inc. (Telecom) and Tomorrow West, LLC (West), and appellee Jeremy Johnson. By their appeal, Telecom and West challenge the finality of the trial court's judgment and urge four alternative issues. We reverse the trial court's judgment.

Background

Johnson sued Telecom and West for unlawful employment practices under the Texas Labor Code, claiming violations on the basis of sex. The parties signed a Rule 11 agreement and agreed to settle "all claims between [Johnson] and [Telecom and West]" and to "suspend all current settings in this cause for [d]epositions, [h]earings, or the like." The Rule 11 agreement called for a payment to Johnson no later than April 30, 2019, a nonsuit with prejudice upon payment, and completion of a "separate settlement agreement intended to be global in nature for the mutual purpose of settling all claims between the [p]arties, whether pled or unpled."

Disputes arose between the parties surrounding the separate agreement and Johnson filed a motion to enforce the Rule 11 agreement, a motion for sanctions, and a request for attorney's fees. Telecom and West filed a notice of revocation and withdrawal of consent of the Rule 11 agreement, citing an inability to resolve the settlement terms. Johnson then filed a motion for partial summary judgment on his amended motion to enforce the Rule 11 agreement, motion for sanctions, and request for attorney's fees. Telecom and West filed a response to both motions.

The trial court signed an order granting Johnson's motion for partial summary judgment, finding the Rule 11 agreement was valid and enforceable and that Telecom breached the terms of the agreement. The trial court set a hearing on Johnson's requests for sanctions and attorney's fees. After hearing, the trial court denied Johnson's request for sanctions by a separate order, and granted Johnson's attorney's fees and conditional appellate attorney's fees request. The trial court's judgment incorporated the "findings

2

and orders" contained in the motion for partial summary judgment, ordered Telecom and West's compliance with the Rule 11 agreement by delivering the settlement funds of $21,000 to Johnson's counsel, and assessed attorney's fees.

Telecom and West timely appealed the trial court's judgment.

Discussion and Law

Final Judgment

Telecom and West initially contend that the judgment is not a final judgment for purposes of appeal "because it relies solely upon a partial motion for summary judgment and associated request for attorney's fees, not the live pleadings of the parties or the Rule 11 Agreement." They further allege that the judgment is interlocutory because it "fails to afford [Telecom and West] any relief it should have received" from the Rule 11 agreement.

A final judgment is one that disposes of all parties and all issues in a lawsuit. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 205 (Tex. 2001). In determining whether the judgment is final, different presumptions apply depending on whether the judgment follows a conventional trial on the merits or results from summary judgment proceedings. *Id.* When there has not been a conventional trial on the merits, "a judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Id.* "Although no 'magic language' is required, a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable." *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (per curiam). The law does not require that a final judgment be in any particular

3

form. *Lehmann*, 39 S.W.3d at 195. A judgment that actually disposes of every remaining issue in a case is not interlocutory merely because it recites that it is partial or refers to only some of the parties or claims. *Id.* at 200.

The judgment here is titled, "Final Judgment." The judgment references the previously granted motion for partial summary judgment and incorporates "all findings and orders contained in that ruling."[1] The decretal language in the judgment orders Telecom and West to "comply with the terms of the Rule 11 agreement" and "deliver the settlement funds of $21,000" to Johnson's counsel, awards trial and appellate attorney fees, assesses costs, and provides Johnson with writs and process necessary to enforce and collect the judgment. The judgment concludes with a standard Mother Hubbard clause that "all relief not expressly granted herein is denied," and states, "[t]his judgment disposes of all parties and all claims and is appealable."

In this case, Johnson brought suit against Telecom and West only. The claims pled by Johnson included sexual harassment; respondeat superior and ratification; intentional infliction of emotional distress; negligence; negligent hiring, supervision, training, and retention; retaliation; and alter ego. There were no counterclaims or cross-claims asserted by Telecom or West. The parties reached an agreement on the merits of the claims and addressed a final resolution of the claims in a Rule 11 agreement. The trial court found the Rule 11 agreement to be enforceable. There is no evidence in this record that Johnson has or had any claims or potential claims against Telecom and West

---

[1] The order granting the motion for partial summary judgment found that the Rule 11 agreement is valid and enforceable as a matter of law, and that West and Telecom breached the terms of the Rule 11 agreement as a matter of law. The court further ordered that Johnson's motion for sanctions and attorney's fees would be determined at a subsequent hearing. The order granting the motion for summary judgment is silent as to the "separate settlement agreement" referenced in paragraph three of the Rule 11 agreement.

other than those he asserted in this lawsuit.  Because the language in the trial court's judgment in this case clearly evidences the trial court's intent to dispose of all claims and parties, we conclude that the judgment is a final judgment.  *See Bella Palma, LLC,* 601 S.W.3d at 801.

Telecom and West also raise concerns that the judgment does not address "the full relief negotiated in the Rule 11" agreement, specifically the relief afforded in paragraph three.  Paragraph three provides: "The parties have agreed to enter into a separate settlement agreement intended to be global in nature for the mutual purpose of settling all claims between the Parties, whether pled or unpled."

The record indicates that the parties were at a standstill negotiating the provisions of the "separate settlement agreement" in paragraph three.  Although both parties engaged in a "back-and-forth" regarding language of mutual release, non-disparagement, indemnification, and a litany of claims to be included in the global agreement, no agreement was reached on the terms of the separate settlement agreement.  Notably, there was no mention of release, non-disparagement, or indemnification in the Rule 11 agreement before the court.  Although the parties contemplated a separate settlement agreement, it was not characterized as a condition requisite to the formation of the Rule 11 agreement. *West Beach Marina, Ltd. v. Erdeljac,* 94 S.W.3d 248, 259 (Tex. App.—Austin 2002, no pet.) (parties need not settle all pending issues for mediated settlement agreement to be enforceable, but may agree on certain severable issues, while not resolving the entire dispute); *Oakrock Exploration Co. v. Killam*, 87 S.W.3d 685, 690 (Tex. App.—San Antonio 2002, pet. denied) (a binding settlement may exist when parties agree

upon some terms, understanding them to be an agreement, and leave other terms to be made later).

It appears from the record that the trial court determined that the language in paragraph three was not enforceable. As such, including language of release, non-disparagement, or indemnification in the judgment would have impermissibly modified the terms of the parties' agreement. *In re Marriage of Ames,* 860 S.W.2d 590, 593 (Tex. App.—Amarillo 1993, no writ) (a trial court judgment founded upon a settlement agreement must be in strict compliance with the agreement.).

We overrule Telecom and West's first issue.

Having determined that the trial court's judgment is a final judgment, we next address the alternative issues raised by Telecom and West.

Enforcement Procedure

In its second issue, Telecom and West challenge the procedure used by Johnson in seeking enforcement of the Rule 11 agreement.

A Rule 11 agreement is considered contractual in nature. *Coale v. Scott*, 331 S.W.3d 829, 832 (Tex. App.—Amarillo 2011, no pet.). As such, a Rule 11 agreement is interpreted in the same manner as are contracts in general. *Golden Spread Elec. Coop., Inc. v. Denver City Energy Assocs., L.P.,* 269 S.W.3d 183, 190-91 (Tex. App.—Amarillo 2008, pet. denied). The elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the

defendant; and (4) damages sustained by the plaintiff as a result of that breach. *Domingo v. Mitchell*, 257 S.W.3d 34, 39 (Tex. App.—Amarillo 2008, pet. denied).

Rule 11 of the Texas Rules of Civil Procedure provides that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX. R. CIV. P. 11. A valid Rule 11 agreement must contain all essential terms of the agreement and must be "complete within itself in every material detail." *Padilla v. La France*, 907 S.W.2d 454, 460 (Tex. 1995).

A trial court cannot render a valid agreed judgment after a party has withdrawn its consent to a settlement agreement. *Id.* at 461; *ExxonMobil Corp. v. Valence Operating Co.,* 174 S.W.3d 303, 309 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (op. on reh'g) (a party has the right to revoke consent to a Rule 11 agreement at any time before the rendition of judgment). If a party revokes consent, the agreement might still be enforceable, but only as a breach of contract action. *Padilla,* 907 S.W.2d at 461. An action to enforce a Rule 11 agreement to which consent has been withdrawn must be based on proper pleading and proof. *ExxonMobil Corp.,* 174 S.W.3d at 309.

The record reflects that Johnson filed his first amended "Motion to Enforce Rule 11 Agreement, Motion for Sanctions, Request for Attorney[']s Fees" after Telecom and West withdrew their consent to the Rule 11 agreement. Johnson then filed his "Motion for Partial Summary Judgment on Motion to Enforce Rule 11 Agreement, Motion for Sanctions, and Request for Attorney[']s Fees." Within his motion for partial summary judgment, Johnson asserts that "this is a Motion to Enforce a settlement agreement,

7

which also meets the heightened burden required of a Traditional Motion for Summary Judgment in a true belt and suspenders approach." Telecom and West argue that these motions failed to give proper notice of a claim for breach of contract and that Johnson was required to amend his pleadings to assert his breach of contract claim.

The first amended motion to enforce asserted that Johnson, Telecom, and West reached an agreement to settle all of the claims in the underlying case, attached the Rule 11 agreement signed by the attorneys for the parties, recited the payment terms under the agreement, and stated that Telecom and West breached the terms of the agreement by failing to make the agreed-upon settlement payment by April 30, 2019. The motion further stated that all conditions precedent to performance have been met and the contractual obligations of Johnson have been substantially performed. The portion of the document requesting attorney's fees alleged that counsel had been retained to enforce Telecom and West's performance of the contract and to recover "all actual, incidental, and consequential damages resulting from [Telecom and West's] material breach of the [c]ontract, including all fees necessary in the event of an appeal." The document concludes with a request for the court to find that Telecom and West breached the settlement agreement, order payment of the amount contained in the settlement agreement, grant the motion for sanctions, and grant attorney's fees.

In his motion for partial summary judgment, Johnson asserts that he established the Rule 11 agreement is enforceable as a matter of law and that Telecom and West breached the agreement, and he "reserves his right to seek a later summary judgment on his entitlement to attorney's fees, the amount of attorney's fees to be awarded, and the appropriate sanctions to be assessed against [Telecom and West]." The motion further

alleges, in part, that the terms of the Rule 11 required Telecom and West to pay the agreed-upon settlement amount not later than April 30, 2019, no action or performance was required of Johnson prior to the payment of the settlement funds, Telecom and West breached the agreement by failing to pay the agreed-upon settlement amount, all conditions precedent to the performance of Telecom and West have been met, the contractual obligations of Johnson have been substantially performed until payment is made, Johnson was damaged by Telecom and West's breach, and the trial court should enforce the settlement agreement.

The amended motion for enforcement and the motion for partial summary judgment stated the terms of the Rule 11 agreement, detailed Telecom and West's breach of that agreement, and identified the relief sought. By order of the trial court, a hearing was conducted on the motion for partial summary judgment.[2] *See In re BBX Operating, LLC*, No. 09-17-00079-CV, 2017 Tex. App. LEXIS 3526, at *3 (Tex. App.—Beaumont Apr. 20, 2017, orig. proceeding) (mem. op.) (per curiam) (a judgment enforcing a settlement agreement may only be rendered after a trial on the merits or by summary judgment). Under these facts, assuming without deciding that a claim for breach of contract asserted in a Rule 11 enforcement motion is sufficient to provide proper notice, Johnson's motions sufficiently notified Telecom and West of Johnson's claim for breach of contract.[3] *See*

---

[2] In its order granting the partial motion for summary judgment, the court ordered a separate hearing on Johnson's motion for sanctions and request for attorney's fees.

[3] We conclude that it is unnecessary for us to determine whether the approach taken by Johnson was sufficient to properly plead his cause of action for breach of contract because of our resolution of Telecom and West's remaining issues. However, we encourage practitioners to follow the better practice of either bringing a separate cause of action (when the trial court no longer has jurisdiction) or amending filed pleadings (when the trial court maintains jurisdiction). *See Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996) (per curiam) (advocating amending pleadings when trial court has jurisdiction or filing separate breach of contract claim when trial court does not); *Twist v. McAllen Nat'l Bank*, 248

9

*Neasbitt v. Warren*, 105 S.W.3d 113, 117 (Tex. App.—Fort Worth 2003, no pet.) (motion to enforce settlement agreement can constitute a pleading raising a breach of contract claim when it gives the opposing party proper notice of the claim); *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982) ("A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim.").

Telecom and West also contend that the procedure employed by Johnson in this case interfered with Telecom and West's ability to "assert appropriate defenses, conduct discovery specifically for the alleged breach of contract or other requested relief, or submit contested issues of fact." We disagree.

The appellate record shows that Telecom and West filed a response and an amended response to the motion to enforce and a separate response to the partial motion for summary judgment. A party who contends that there has not been adequate time for discovery before a summary judgment hearing must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Tenneco Inc. v. Enter. Prods. Co.,* 925 S.W.2d 640, 647 (Tex. 1996). The appellate record does not contain such an affidavit or motion. By failing to timely file a motion for continuance or affidavit, Telecom and West have failed to preserve a complaint of trial court error on this issue.

We overrule issue two.

---

S.W.3d 351, 361 (Tex. App.—Corpus Christi 2007, no pet.) (identifying amending pleadings as the "preferred method" of raising breach of contract claim based on settlement agreement).

<u>Summary Judgment</u>

Telecom and West's third issue asserts that the trial court erred in granting summary judgment because (1) the Rule 11 agreement was not enforceable as a contract, (2) Johnson failed to perform, (3) Telecom and West did not breach the agreement, and (4) Johnson presented no evidence of damages.  Because we conclude that Johnson failed to prove that he was damaged, we will confine our analysis to this element.

An appellate court reviews a trial court's decision to grant a traditional summary judgment de novo.  *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005).  The party moving for a traditional summary judgment has the burden to establish there is no genuine issue of material fact and it is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c).  The movant must establish its right to summary judgment on the issues expressly presented to the trial court by conclusively proving all elements of the movant's cause of action or defense as a matter of law.  *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999).  If the movant meets his burden, then the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment.  *Id.* In reviewing a trial court's ruling on summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve all doubts in the nonmovant's favor.  *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

As the movant, Johnson was required to establish that he was entitled to judgment as a matter of law on each element of his breach of contract claim except the amount of

damages. TEX. R. CIV. P. 166a(c); *see Domingo*, 257 S.W.3d at 39 (elements of breach of contract); *Rivera v. White*, 234 SW.3d 802, 805-07 (Tex. App.—Texarkana 2007, no pet.) (exception that plaintiff need not show entitlement to prevail on damages applies only to amount of unliquidated damages, not to existence of damages or loss).

As noted above, one of the elements of a breach of contract claim is damages. Within the damage element of Johnson's motion for partial summary judgment, he alleges he "lost the use, enjoyment, and benefit of the funds to be paid," but he offered no affidavit or other testimony to support his damage claim except for the attorney's fees incurred.[4] Attorney's fees incurred in a breach of contract action do not qualify as damages. *Berg v. Wilson*, 353 S.W.3d 166, 182 (Tex. App.—Texarkana 2011, pet. denied). In order for Johnson to recover attorney's fees under section 38.001 for a breach of contract, he is required to establish that he suffered damages, independent of attorney's fees. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2015) (allowing recovery of attorney's fees in addition to the amount of a valid claim). Here, Johnson did not seek damages independent of attorney's fees and costs and none were awarded to him. Because Johnson did not produce evidence of damages, he failed to meet his burden to establish his entitlement to partial summary judgment on his breach of contract claim. Consequently, we sustain Telecom and West's third issue and reverse the trial court's grant of partial summary judgment.

---

[4] The affidavit of Matthew Harris states, "I make this affidavit for the sole purpose of showing that [Johnson] has incurred attorney's fees in this case, and therefore has suffered damages, as a result of [Telecom and West's] breach of the Rule 11 agreement. This affidavit is not tendered to show the amount of the attorney's fees incurred as this amount has yet to be determined."

Attorney's Fees

In its fourth issue, Telecom[5] urges that the trial court erred in the award of attorney's fees because (1) fees were not proper and (2) if an award of fees was proper, Johnson's fees for the enforcement were not properly proven. Having determined that Johnson did not meet his burden to establish that he was entitled to partial summary judgment as a matter of law, we conclude that Johnson was not entitled to recover attorney's fees. *Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex. 1997) (to recover attorney's fees under section 38.001, "a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages.").[6] We sustain this issue and reverse the trial court's award of attorney's fees.

## Conclusion

Having concluded that the trial court erred in granting the motion for partial summary judgment and in awarding attorney's fees to Johnson, we reverse and remand this cause for further proceedings in the trial court.[7]

Judy C. Parker
Justice

---

[5] The trial court awarded Johnson a judgment for attorney's fees solely against Telecom.

[6] In his appellate brief, Johnson contends that he sought "expectation damages, meaning he sought the benefit of the bargain that he made." However, Johnson did not submit evidentiary proof of any damages related to the breach of the Rule 11 agreement separate and apart from his claim for attorney's fees.

[7] Telecom and West's fifth issue is pretermitted. *See* TEX. R. APP. P. 47.1.